# 𝔖𝔱𝔞𝔲𝔫𝔱𝔬𝔫

EVELYN E. MASTERS v. T. W. HART, ADMINISTRATOR, ET ALS.

September 7, 1949.

Record No. 3541.

Present, Hudgins, C. J., and Gregory, Eggleston, Spratley, Buchanan and Staples, JJ.

The opinion states the case.

*Stuart B. Campbell* and *Herbert W. Wyant*, for the plaintiff in error.

*Wharton, Aldhizer & Weaver, D. W. Earman, Glenn W. Ruebush, George D. Conrad, Edward P. Simpkins, Jr., John G. May, Jr., Lawrence H. Hoover* and *Laird L. Conrad*, for the defendants in error.

HUDGINS, C. J., delivered the opinion of the court.

The question presented is whether the 1948 amendment to Code, section 6102, gives a defendant the absolute right to implead third-party defendants who may be liable to either plaintiff or defendant for all or part of plaintiff's claim.

T. W. Hart, administrator of the estate of Ruth Eleanor Hart, deceased, instituted this action against the Consumers' Utilities Company, Evelyn E. Masters, and W. W. Menefee, Jr., trading as W. M. Menefee & Son, for the wrongful death of his decedent. It was alleged in plaintiff's notice of motion that: (1) decedent, while engaged in her usual vocation in Pauline's Beauty Shoppe, was killed by a terrific explosion, which occurred in the basement of the building in which the "Shoppe" was located; (2) Evelyn E. Masters, the owner of said building, located on the corner of Main

and Franklin streets in Harrisonburg, Virginia, was negligent in failing to keep the building in a reasonably safe condition for tenants occupying same, and in failing properly to install and maintain the gas connections; (3) the Consumers' Utilities Company was a public service corporation, engaged in selling gas to the public for heat, illumination and other purposes, and it improperly installed and maintained the gas pipes and connections throughout the building, by reason of which negligence gas escaped and collected in the basement which ignited and exploded; (4) W. W. Menefee, Jr., and his employees, while unloading coal in the basement, were negligent in two particulars: (a) they failed to observe what was quite obvious, that gas had escaped in such large quantities in the building that it was likely to be ignited by a lighted match, or (b) through the negligent and careless manner in which the coal was unloaded, damage was caused to the pipes or other connections, whereby gas escaped, collected, and was ignited by Menefee, or one of his employees, carelessly striking a match in the basement.

The notice of motion concludes with the allegation, that the negligence of one or more defendants, acting alone, or in concert with each other, or at the same time, was the sole proximate cause of the explosion, resulting in the death of decedent.

The Consumer's Utilities Company pleaded the general issue, the statute of limitations, and filed an affidavit denying that it owned, operated or controlled the gas pipes and other appliances mentioned in the plaintiff's notice of motion.

Evelyn E. Masters pleaded the general issue and filed an affidavit in which she stated that: (a) she did not know and had no means of knowing that gas had escaped and collected in the basement; (b) Pauline Sullivan and Lucille S. Ritchie, partners trading as Pauline's Beauty Shoppe and School, occupied a part of the building as tenants and therein maintained gas fixtures and appliances, and it was their duty to keep and maintain them in a safe and proper condition, and that the breach of this duty caused the gas to escape and

collect in the basement which exploded when ignited by a match negligently struck by an employee of W. W. Menefee, Jr.; (c) the city of Harrisonburg had assumed jurisdiction and supervision over all gas connections which were installed by the companies supplying the gas, and that if there were any improper, negligent or careless installations or alterations of the gas connections in the building, it was due to the negligence of the city in approving, or failing to disapprove, the connections and alterations which were made, and that the failure to exercise this duty in a proper manner was the direct cause of the explosion and resulting injuries; (d) the said Pauline Sullivan and Lucille S. Ritchie, partners, etc., and the city of Harrisonburg "are or may be liable jointly and severally to the plaintiff or the defendant for all or part of plaintiff's claim."

The trial court, on the affidavit, sustained Evelyn E. Masters' motion, and by order entered on July 26, 1948, made Pauline Sullivan and Lucille S. Ritchie, partners, etc., and the city of Harrisonburg parties defendant to the action.

Pursuant to this order a summons was issued on the same day, commanding Pauline Sullivan and Lucille S. Ritchie, partners, etc., and the city of Harrisonburg to appear on the 1st day of August, 1948, "to answer the claim of Evelyn E. Masters, as set out in an affidavit filed in the proceeding instituted by notice of motion of T. W. Hart, administrator of the estate of Ruth Eleanor Hart, deceased," against the parties named in the notice of motion, "and to make such defense to the claim of the plaintiff in said proceeding as they may be advised is proper."

T. W. Hart, adm'r, etc., the plaintiff in the original motion for judgment, Pauline Sullivan and Lucille S. Ritchie, and the city of Harrisonburg (the last three named parties appearing specially) moved the court to vacate the order entered on July 26, 1948, and dismiss the third parties brought in as new defendants. This motion was sustained and the third-party defendants were dismissed by an order entered on November 10, 1948. From this order Evelyn E. Masters sought, and obtained, this writ of error.

The only assignment of error is to the action of the court in dismissing the third-party defendants.

Whether the trial court committed error in dismissing these parties depends upon the construction of Code, sec. 6102, as amended by Chapter 394 of the Acts of 1948. The pertinent parts of this section, with the pertinent part of the 1948 amendment italicized, is as follows:

"Effect of non-joinder or misjoinder—No action or suit shall abate or be defeated by the non-joinder or misjoinder of parties, plaintiff or defendant, but whenever such mis-joinder or non-joinder shall be made to appear by affidavit or otherwise, new parties may be added and parties misjoined may be dropped by order of the court at any stage of the cause as the ends of justice may require; *and such new parties defendant may be added upon the affidavit and motion of any defendant, where it appears that such parties are or may be liable to such plaintiff or defendant for all or part of plaintiff's claim;*" etc.

Plaintiff in error contends that the amendment gives any defendant an absolute right, upon his mere filing of an affidavit stating that a third party "may" be liable to the plaintiff, or to affiant, for all or part of plaintiff's claim, to have such party impleaded; that the Virginia legislature, by the adoption of this amendment, has gone one step further than Rule 14 of the Federal Rules of Civil Procedure, and made third-party practice compulsory in all cases where there is a possibility of the third party being liable to either the plaintiff or defendant for all or any part of plaintiff's claim.

The rule regulating third-party practice in Federal courts (Rule 14 of Rules of Civil Procedure for the District Courts of the United States, as amended, effective March 19, 1948, p. 19[1]) was recommended for adoption by the United States

[1] "Rule 14. Third-Party Practice.
(a) WHEN DEFENDANT MAY BRING IN THIRD PARTY. Before the service of his answer a defendant may move *ex parte* or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. If the motion is granted and the summons and complaint are served, the person so served, hereinafter called the third-party defendant, shall

Supreme Court Advisory Committee after lengthy discussions, careful study, and then only after the bench and bar had had an opportunity to study the proposals and express their views thereon. While the General Assembly has power to make such a revolutionary change in procedure, it is doubtful that it would have done so without giving the bench and bar of the State an opportunity to discuss the matter more fully than was done before the adoption of the amendment in question. Indeed, the Judicial Council for Virginia, after an intensive study of the question, and after giving every judge and every lawyer in the State an opportunity to express his views, declined to recommend the adoption of the third-party practice. See Rules 8 and 9 of Procedure in Actions at Law, and Judge Ralph T. Catterall's recent comments thereon, p. 26 of the printed pamphlet of Proposed Modifications of Practice and Procedure.

▆ The purpose of the third-party practice is to avoid circuity and multiplicity of actions or suits, and to adjust, in a single action, the several phases of the same controversy. The Federal rule is clear, comprehensive and complete. It provides that a defendant may make his motion *ex parte* if the motion is made before the filing of his answer. Thereafter plaintiff must be given notice of defendant's intention

make his defenses *to the third-party plaintiff's claim* as provided in Rule 12 and his counterclaims *against the third-party plaintiff* and cross-claims against other third-party defendants as provided in Rule 13. The third-party defendant may assert *against the plaintiff* any defenses which the third-party plaintiff has to the plaintiff's claim. *The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff.* The plaintiff may assert *any claim* against the third-party defendant *arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses as provided in Rule 12 and his counterclaims and cross-claims as provided in Rule 13.* A third-party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him for all or part of the claim made in the action against the third-party defendant.

(b) WHEN PLAINTIFF MAY BRING IN THIRD PARTY. When a counterclaim is asserted against a plaintiff, he may cause a third party to be brought in under circumstances which under this rule would entitle a defendant to do so."

so to move the court. Defendant must cause a summons and complaint to be served upon such third party, who is required to answer the complaint served upon him. The rule does not require the third party to answer plaintiff's complaint, though the original plaintiff, after the third party has been impleaded, "may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses as provided in Rule 12 and his counterclaims and cross-claims as provided in Rule 13." The original plaintiff may amend his pleadings and assert his claim against the third-party defendants, but he is not compelled to do so. In other words, every litigant may examine the rule and ascertain from it what he is required to do.

Only a skeleton rule governing third-party practice is set forth in the Virginia statute. The statute does not state whether such third party shall plead to or answer the plaintiff's allegations or the defendant's affidavit, or a complaint is to be filed and served. It does not require the defendant, who desires to implead third parties, to state a case against the party impleaded. It does not state at what stage of the proceedings the motion may be made, nor does it require any notice to be served upon the plaintiff, or other named defendants. It does not require plaintiff to amend his notice of motion or declaration to make the third party impleaded a defendant to the original complaint. Did the General Assembly intend to compel a plaintiff, over his objection, to sue another party not named in his notice of motion simply because a defendant who is a party to the action desires him to do so?

These omissions from the statute are important to a plaintiff, to a defendant, and to a third party impleaded. No system of third-party practice is complete and comprehensive unless the omissions pointed out are supplied. These defects do not appear in Federal Rule 14, or in the statutes of the States which have adopted the third-party practice.

There are many cases construing Rule 14 of the Federal

Rules of Civil Procedure. Among them are the following:

"In *General Taxicab Ass'n* v. *O'Shea*, 109 F. (2d) 671, it was said:

"Rule 14 (a) was adopted for the purpose of extending, with some modifications, into the civil procedure of the district courts of the United States the practice, in respect of impleading third parties, of the Federal admiralty courts, of certain state courts—notably those of Pennsylvania, New York and Wisconsin—and of the English courts. See Notes to the Rules of Civil Procedure for the District Courts of the United States (Sen. Doc. No. 101, 76th Cong., 1st Sess. (1939) 233.) * * *

"Against this background of statutes and decisions, the Supreme Court, in framing Rule 14(a) chose the language 'a defendant may move . . . *for leave* as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action . . . ,' and the language '*If* the motion is granted. . . ' (Italics supplied). We think there can be no doubt that it was thus intended to make the impleading of third parties in the Federal practice discretionary with the trial court. See 1 Moore, *op. cit., supra* 741; 'Whether a party to an action shall be allowed to implead an additional party rests in the discretion of the court. This is in accord with the English, New York and Wisconsin practices.'

"With impleader a matter within the discretion of the trial court we find error in the instant case only upon a theory that the overruling of the motion to implead third parties was an abuse of discretion."

Chief Judge John J. Parker, of the Fourth Circuit, stated in *Baltimore, etc., R. Co.* v. *Saunders*, 159 F. (2d) 481, that whether third-party defendants may be brought in on motion is ordinarily a matter resting within the sound discretion of the trial court. "While there is conflict in the decisions, the weight of authority is to the effect that a defendant cannot compel the plaintiff, who has sued him, to sue also a third party whom he does not wish to sue." To the same effect, see *Delano* v. *Ives*, 40 F. Supp. 672.

It thus clearly appears that under the Federal rule, which is clear, concise and complete, a defendant does not have an absolute right to implead a third party, but whether such party shall be impleaded is left to the sound discretion of the trial court, subject to review and reversal only in the event there has been an abuse of that discretion. The same construction has been placed upon the statutes in the different States adopting the third-party practice. See *Ertel v. Milwaukee Elec. Ry., etc., Co.,* 164 Wis. 380, 160 N. W. 263; *Fox v. Western New York Motor Lines,* 257 N. Y. 305, 178 N. E. 289, 78 A. L. R. 578; *Bannister v. McIntire,* 112 Iowa 600, 84 N. W. 707; *Irwin v. New York Tel. Co.,* 121 Misc. Rep. 642, 202 N. Y. S. 81.

Plaintiff in error concedes that the foregoing statement of the law construing third-party practice in the Federal courts and in the States that have adopted the third-party practice is correct, but she contends that "the Virginia statute is more far reaching, is couched in different terms and confers a broader privilege than that dealt with in any other statute, including the Federal Rules of Civil Procedure." In other words, her contention is that the Virginia statute is mandatory and that every defendant has an absolute right to implead third parties upon such defendant filing an affidavit stating that there are third parties who may be liable to the plaintiff or defendant for all or part of plaintiff's claim.[2]

This contention is tenable only in the event that the General Assembly, in its amendment to section 6102, intended the word "may" used in the sentence "such new

---

[2] This contention is made notwithstanding the fact that one phase of Rule 14 has been universally criticized and condemned as early as 1944.

"Rule 14 of the Federal Rules of Civil Procedure permits a defendant in an action to bring in as a third-party defendant either (1) a person who is or may be liable to him, the defendant, for the claim asserted against him by the plaintiff, or (2) a person who is or may be liable to the *plaintiff* for the claim asserted by plaintiff. This second aspect of the rule was pretty much of an innovation. It is one of the few innovations in the Federal Rules which has not worked well. The amendment of Rule 14, proposed by the Supreme Court's Advisory Committee for consideration of the bench and bar, would do away with it and should be adopted." John W. Willis, 31 Va. Law Rev. 188.

party defendant *may* be added upon the affidavit and motion," to mean "must."

It is quite true this court, in numerous cases, has held that the word "may," while ordinarily importing permission, will be construed to be mandatory when it is necessary to accomplish the manifest purpose of the legislature. *Chesapeake, etc., Ry. Co.* v. *Pulliam,* 185 Va. 908, 41 S. E. (2d) 54, and cases there cited. Unless it is manifest that the purpose of the legislature was to use the word "may" in the sense of "shall" or "must," then "may" should be given its ordinary meaning—permission, importing discretion.

The history of the section and its construction by this court do not reveal that the General Assembly, in adopting the 1948 amendment, intended to make third-party practice mandatory upon the courts.

The revisors of the Code of 1919 re-wrote the provisions of sections 3261 and 3262 of Pollard's Code, and incorporated them in section 6102. This new section was construed in *Hogan* v. *Miller,* 156 Va. 166, 157 S. E. 540, where, after giving a brief history of the acts, codified in the two sections of Pollard's Code, it was said:

"In the revision of the Code in 1919 the revisors inserted section 6102 as it now reads. The purpose of that section was to extend the power of the court by further providing that in any suit or action when it appeared there was a non-joinder of necessary parties, then the court, in the exercise of its discretion, could compel the joinder of such parties."

Judge Buchanan, speaking for the court in *Rhoton* v. *Rollins,* 186 Va. 352, 42 S. E. (2d) 323, likewise construed the power to apply the provisions of this section to be discretionary with the court. He said:

"Since the enactment of section 6102 of the Code (Michie), when such non-joinder is made to appear by affidavit or otherwise, new parties *may be added* as the ends of justice may require. 'The purpose of the statute was to provide a simple method for joining as co-defendant a necessary party.' (Italics supplied)

The General Assembly knew, or is certainly charged with

knowing, that this Court had construed the statute to mean that the court was given power, at its discretion, to apply its provisions to attain the ends of justice. This being true, it is only reasonable to conclude that the General Assembly intended that any addition or amendment to the statute should be given the same construction.

If the plaintiff in error's contention is sustained, then the right of a plaintiff, at his election, to sue one or more joint, or several, tort feasors would be denied. The effect would be to repeal, by implication, the provisions of Code, section 6264, and modify the statute (Code, sec. 5779) on contribution among wrongdoers. Plaintiff in error admits this, and in her brief states "plaintiff in error earnestly insists that the amendment did that very thing and frankly admits that if it did not, the case must be decided against her." It is unreasonable to believe that the General Assembly, in using the permissive language in the amendment, intended to make such a revolutionary change in procedure. If such had been its intention, it could, and doubtless would, have used appropriate language to express that intention.

Rules of procedure should be clear and simple in order to make the settlement of controversies expeditious. But expedition should not be attained in such manner as to impair substantial rights of a litigant, whether plaintiff or defendant. Plaintiff in error has the same right to exculpate herself from liability without the inclusion of the third-party defendants as she would have if they were included. It appears on the record that if this defendant were allowed to implead the third parties, the issues between the defendants would be complex and complicated, and would very probably overshadow the issues between plaintiff and the defendants named in the notice of motion.

The 1948 amendment is incomplete and confusing. If a complete system of third-party practice is to be adopted in Virgina, the statute should be clarified by appropriate amendments, or by a general rule of court. For the decision of this case, it is only necessary to hold that the amendment gives the trial court authority, in its discretion, to permit

third parties to be impleaded, as the interest of justice may require.

So construing the statute, the question is whether the trial court abused its discretion in dismissing the third parties impleaded on the motion of plaintiff in error.

It is not contended that decedent was an agent or servant of plaintiff in error. It is stated in the briefs that she was an employee of Pauline Sullivan and· Lucille S. Ritchie, trading as Pauline's Beauty Shoppe and School. The issues between an employee and employer are not the same as those between an injured party and an ordinary tort feasor. To compel plaintiff to bring his action against the employer of decedent would raise issues not germane to the acts of negligence charged in the notice of motion against the defendants named therein.

The city of Harrisonburg is a municipal corporation, and is charged with both governmental and proprietary duties. It is not liable for negligence of its officers, servants or agents, when through them it is performing a purely governmental function for the benefit of the public. It is only where a municipality acts in a private, proprietary or ministerial capacity that it is liable in a tort action. The allegations stated in the affidavit filed in this cause are not sufficient for us to determine whether the city of Harrisonburg at the time was acting in a governmental, or a proprietary, capacity.

The three original defendants are charged in one form or another with contributing to the leakage of gas from a pipe in the coal chute leading into the basement of the building. The liability of the third-party defendants is based on different allegations. To compel plaintiff, over his objection, to implead the third-party defendants would raise a multiplicity of issues, which would tend to confuse the jury and prolong the trial, to the prejudice of plaintiff.

We have examined other questions raised in the reply briefs, but we do not think they are of sufficient importance to merit discussion.

The judgment of the trial court is

*Affirmed.*