# Staunton

## Laburnum Construction Corporation v. Richmond Redevelopment and Housing Authority.

September 5, 1951.

Record No. 3824.

Present, Eggleston, Spratley, Buchanan, Miller, Smith and Whittle, JJ.

The opinion states the case.

*McGuire, Eggleston, Bocock & Woods* and *Hunton, Williams, Anderson, Gay* and *Moore,* for the plaintiff in error.

*Sands, Marks & Sands* and *Edwards, Rogers & Cudlipp,* for Richmond Redevelopment and Housing Authority, defendant in error.

*Williams, Mullen, Pollard & Rogers,* for Carle-Boehling Company, Inc., defendant in error.

WHITTLE, J., delivered the opinion of the court.

This case is before the court on a writ of error to an order of the Hustings Court of the City of Richmond, Part II, entered on July 3, 1950, whereby the court overruled the motion of Laburnum Construction Corporation, the defendant below, praying that Carle-Boehling Company, Incorporated, be joined as a party defendant in the action brought by Richmond Redevelopment and Housing Authority against Laburnum Construction Corporation.

The parties will be hereinafter referred to as "Laburnum", "Housing Authority" and "Carle-Boehling". Both Laburnum and Carle-Boehling are Virginia corporations with their principal offices in the city of Richmond. Housing Authority is designated by the Act of the General Assembly creating it as "a political subdivision of the Commonwealth of Virginia".

On January 28, 1949 Housing Authority directed a memorandum to the clerk of the court requesting that he issue process against both Laburnum and Carle-Boehling on a "plea of *assumpsit,* damages $60,000.00, returnable to first March rules for 1949". Process was issued on the same day and thereafter duly

served. At the second March rules 1949 Housing Authority filed its common law declaration against Laburnum and Carle-Boehling, and thereafter Laburnum and Carle-Boehling filed their separate original and amended pleas to the declaration.

The declaration of Housing Authority alleged that it, as owner, entered into a contract on August 20, 1941 with Laburnum, as general contractor, for the construction of "Housing Project Va.-7-1 at Richmond, Virginia" to be known as Gilpin Court, and that thereafter Laburnum contracted with Carle-Boehling, as its sub-contractor, to supply and install under the main contract·all plumbing, plumbing fixtures, and pipe and fittings for gas facilities in the project.

The declaration further alleged that both Laburnum and Carle-Boehling warranted to Housing Authority that all gas fittings to be installed in the project would be of "black, malleable iron" conforming to certain Federal specifications, and that all work would be performed in a skillful and workmanlike manner. It then states that Laburnum and Carle-Boehling breached their warranties by installing a gas fitting which was not of black, malleable iron and which cracked, rusted and corroded, permitting gas to escape beneath one of the buildings in the project, that such gas became "ignited by lawful flames", and that an explosion resulted which destroyed the building and damaged the plaintiff in the amount of $60,000.

On September 19, 1949, several months after both Laburnum and Carle-Boehling had filed their pleas of the general issue and the statute of limitations, Housing Authority moved the court to dismiss Carle-Boehling as a defendant in the case. An order was entered granting the motion and to the entry of this order Laburnum duly excepted.

At the same time, Housing Authority filed its first amended declaration, which in effect was the same as the original declaration, except that Laburnum alone was named as defendant and a third count was added alleging constructive fraud.

On November 1, 1949 the second amended declaration was filed by Housing Authority. This declaration did not name Carle-Boehling as a party defendant but alleged in its first count that Carle-Boehling supplied the materials and performed the work complained of.

On January 14, 1950, Laburnum filed its notice, affidavit and motion, together with certain exhibits, praying that Carle-

Boehling again be made a party defendant to the action. This motion was pursuant to the authority of section 6102 of Michie's Code of 1942 as amended (now section 8-96, Code of 1950).

The motion alleged that Carle-Boehling is or may be liable to Laburnum or to Housing Authority for all or a part of Housing Authority's claim. It was alleged further that by virtue of the terms of the sub-contract between Laburnum and Carle-Boehling the duties and relationships of the parties and all warranties, representations and undertakings, if any, arising therefrom, between Carle-Boehling, Laburnum and Housing Authority were identical with the duties and warranties, if any, that would otherwise have existed between Laburnum and Housing Authority if Laburnum had performed the work, and therefore if Laburnum was responsible Carle-Boehling was responsible to Housing Authority.

On July 3, 1950 the trial court entered an order overruling the motion of Laburnum, whereupon Laburnum filed its written exception to the entry of the order.

On July 25, 1950 Laburnum gave its notice of appeal from the order, together with its assignment of error. The assignment relied upon is that the trial court erred in not again making Carle-Boehling a party defendant to the action. Whether such error was committed is the sole question involved on the appeal.

Carle-Boehling moved this court to dismiss the writ of error as improvidently awarded because the petition therefor was not sought within the time prescribed by § 8-489 of the Virginia Code, 1950. Housing Authority joined in this motion. Both contend that if the trial court abused its discretion, as claimed by Laburnum, in failing to implead Carle-Boehling, it likewise abused its discretion in allowing it to be dismissed as a party by the order of September 19, 1949, the entry of which was excepted to by Laburnum, and "which order has long been final and non-appealable". The defense of *res judicata* was not raised by these parties in the trial court and therefore cannot here be raised for the first time. There is no merit in this contention. *Ward* v. *Charlton,* 177 Va. 101, 114, 12 S. E. (2d) 791.

When we come to consider the question raised on this appeal we are confined to the pleadings and exhibits filed in the trial court, no evidence having been taken in the case.

It is conceded by Laburnum that since the decision in the case of *Masters* v. *Hart,* 189 Va. 969, 55 S. E. (2d) 205, the ad-

dition of a new party is a matter within the sound judicial discretion of the trial court. It is contended, however, that to amount to the exercise of sound discretion the decision must be reached with serious regard to both the purpose of the statute and the facts involved, to the end that the decision actually meets the requirements of "the ends of justice" as contemplated by the section.

■ Admittedly, the burden is upon Laburnum to show affirmatively that the court abused its discretion in the matter.

*Masters* v. *Hart, supra,* not only decided that the bringing in of third parties was within the sound discretion of the trial court, but the decision went further and pointed out that the General Assembly by the enactment of Code, section 8-96,[1] had only adopted a skeleton form of third party practice, an Act extremely limited in scope. Since the opinion in this case was handed down the General Assembly has again met and its failure to amend the Code section would indicate its approval of the decision.

The General Assembly of Virginia in recent years has gone a long way to permit the simplification of pleading and practice in this Commonwealth, but when drastic changes are advocated it requires strong proof that no fundamental right will be abridged or undue hardship caused by the change.

Third party practice has met with some success in the Federal courts, but even in these courts where a rather complete rule is in effect the practice is not universally favored.

---

[1] Section 8-96 of the Code of 1950 is as follows, the language added by the amendment of 1948 being italicized:

"No action or suit shall abate or be defeated by the nonjoinder or misjoinder of parties, plaintiff or defendant, but whenever such misjoinder or nonjoinder shall be made to appear by affidavit or otherwise, new parties may be added and parties misjoined may be dropped by order of the court at any stage of the cause as the ends of justice may require; *and such new parties defendant may be added upon the affidavit and motion of any defendant, where it appears that such parties are or may be liable to such plaintiff or defendant for all or part of plaintiff's claim; but* a new party shall not be added unless it shall be made to appear that he is a resident of this State *or is subject to service of process therein,* and the place of such residence *or place of service* be stated with convenient certainty, nor shall *a new party* be added if it shall appear that by reason of chapter 1 of Title 11 or chapter 2 of this title the action could not be maintained against him. *Nothing in this section shall be construed to permit the joinder, or addition as a new party, of any insurance company on account of the issuance to any party to a cause of any policy or contract of liability insurance, or on account of the issuance by any such company of any policy or contract of liability insurance for the benefit of or that will inure (to) the benefit of any party to any cause."*

The practice is a far departure from the common law where a plaintiff could choose the party he desired to sue without interference from any source.

The theory of the practice is good, but when put to the test the practice under the theory falls short of expectations except in a limited number of select cases. "An examination of these statutes and the decisions interpreting them as to their operation and scope raises a substantial query as to their success." See 19 Minnesota Law Review, page 173, also "Impleading Third Party Defendants" appearing in Intramural Law Review of New York University, Vol. II, page 40, *et seq.* These articles treat the subject from the English Act of 1873 to date. The English practice goes further than our Federal procedure, and both go further in applying the practice than do most State courts. The judges in the English courts and in our Federal courts exercise a strong control over litigation, and this control helps to make the practice work. It is not believed that such control is desired in Virginia.

It is not our intent to imply that the articles above referred to condemn third party practice as undesirable. On the contrary, they advocate a continuance of the practice in the hope that some time in the future it may work out satisfactorily. It is fair to assume that the General Assembly of Virginia took into consideration some of the factors herein mentioned when the limited Act (section 8-96, Code of 1950) here under consideration was passed.

The instant suit was commenced in January, 1949, as an action in *assumpsit.* The declaration has been amended on two occasions, and now the case is one in tort, growing out of an alleged breach of contract.

Carle-Boehling was dismissed as a party defendant on September 19, 1949, after both defendants had filed their pleas of the general issue and the statute of limitations. Laburnum did not seek to have them rejoined as defendants until January 14, 1950.

After obtaining the order dismissing Carle-Boehling as defendant Housing Authority pursued its remedies against Laburnum, filing its amended and second amended declarations, naming Laburnum alone as party defendant and alleging that Laburnum was responsible for the damages sustained.

The sub-contract between Laburnum and Carle-Boehling

made the general conditions, drawings and specifications of the principal contract a part of the sub-contract, but Housing Authority was not made a party to any undertakings by Carle-Boehling. Housing Authority was not a party to any warranties or representations made by Carle-Boehling to Laburnum, and Carle-Boehling made no warranties or representations to Housing Authority.

The record shows that during the interim when Carle-Boehling was not a party to the suit Laburnum filed pleas, made motions, exacted rulings and had generally handled the case as the only defendant involved. All manner of confusion can be foreseen if Carle-Boehling is now brought back into the case as a party defendant. Under all rules there comes a time, pending the trial of a lawsuit, when it would be improper to bring in third parties defendant who might be affected by proceedings had before they were joined as parties to the suit.

The plea of the statute of limitations has been interposed by Laburnum, and when Carle-Boehling was a party it also filed such a plea. Conceivably there could be serious complications raised by these pleas. Does the same statute apply as to each of the parties; or which limitation does apply? Housing Authority alleges no dates in its declaration. It would be necessary for the trial court to hear evidence in order to determine when the cause of action arose. Evidently the trial court could envision confusion here.

Procedurally, the court would have to determine the effect of pleadings filed after Carle-Boehling was dismissed on September 19, 1949. Would Carle-Boehling be bound by decisions of the court made when it was not a party to the suit? To what pleadings filed when it was not a party would Carle-Boehling have to reply?

In the third count of the second amended declaration Housing Authority alleges that during the performance of the work and after it was completed Laburnum, on numerous occasions, represented to plaintiff that the work had been completed in accordance with the contract, and that these representations were false. Now, if Carle-Boehling is made a party the trial court will have to determine what warranties and representations were made and whether or not Carle-Boehling can be held responsible for Laburnum's warranties and representations.

Laburnum contends that Carle-Boehling as sub-contractor is

responsible to it (Laburnum) for any breach of contract or damage resulting from the breach, if any. There was no contract between Carle-Boehling and Housing Authority.

A similar question was raised in the case of *Consolidated Hand-Method Lasting- Mach. Co. v. Bradley,* 171 Mass. 127, 50 N. E. 464, 467. Chief Justice Field, of Massachusetts, said: "If a party is obligated to defend against the act of another against whom he has a remedy over, and defends *solely and exclusively* the act of such other party, and is compelled to defend *no misfeasance of his own,* he may notify such party of the pendency of the suit, and may call upon him to defend it. * * * It (the right to call in the party liable over) does not, however, apply to cases where one is defending his own wrong or his own contract although another may be responsible to him."

The learned trial judge in this case could see from the pleadings filed, and from the arguments on preliminary motions made before him that this was a confused case, and he was justified in holding that the requested rejoining of Carle-Boehling "would but further confuse that which is already confused".

We see no error in the ruling, and the judgment is

*Affirmed.*