## BOARD OF SUPERVISORS OF HANOVER COUNTY, VIRGINIA v. GEORGE M. WEEMS, TREASURER OF HANOVER COUNTY, VIRGINIA.

September 10, 1952.

Present, All the Justices.

*Robert R. Gwathmey, III,* for the petitioner.

*George M. Weems,* for the respondent.

HUDGINS, C. J., delivered the opinion of the court.

The Board of Supervisors of Hanover county filed its original petition in this Court, alleging that: (1) pursuant to the power vested in it by Code, sections 15-689 and 58-916, it had set aside designated suitable space at the county seat for the treasurer's office; (2) it had ordered George M. Weems, the county treasurer, to remove the treasurer's office from the town of Ashland to the space so designated; and (3) Weems, the treasurer, had refused to comply with the mandate of the board. The prayer of the petition is that a peremptory writ of mandamus be issued and directed to George M. Weems, treasurer of the county, commanding and compelling him to remove the records, equipment and furnishings of the treasurer's office from the town of Ashland to the space assigned him at the county seat.

George M. Weems, the respondent, in his answer, gives the following reasons for his refusal to comply with the order of the board of supervisors: (1) on January 8, 1909, the then judge of the circuit court of Hanover county, entered an order directing the office of treasurer of the county to be maintained in the town of Ashland, which order had not been modified, set aside or revoked, and is still in full force and effect; (2) the town of Ashland is the point more convenient to a majority of the citizens of Hanover county for the office of treasurer and it was, and is, the duty of the board of supervisors to so determine; (3) the space designated is not well adapted to, or adequate for, the efficient conduct of the office of the county treasurer and the board has not provided office furniture, fixtures and equipment necessary for the efficient dispatch of the treasurer's business.

Section 853 of the Code of 1887 required every county treasurer to maintain his office at the county seat, unless the judge of

the county court had, by order, certified "that in his opinion some other point in said county would be more convenient to a majority of its citizens," and upon the entry of such order the treasurer was required to remove his office to the place named therein. This section was amended by the Acts of 1902-3-4, p. 620, giving the judge of the circuit court of the county the same power as the old statute gave the county judge to authorize the county treasurer to maintain his office at some place in the county other than the county seat.

This statute, without change, was embodied in the Code of 1919 as section 2774. Pursuant to its provisions the judge of the circuit court of Hanover county, on January 8, 1909, entered an order stating "that in his opinion the Town of Ashland in said County would be more convenient to a majority of its citizens, and doth order that the said H. Guy Vaughan, Treasurer of said County, shall remove his office to the Town of Ashland, in said County." In compliance with this order, the treasurer's office was moved to Ashland, where it has since been maintained, except for the short time it was maintained by C. B. Hall, as treasurer, at his home near Beaver Dam.

Section 2774 of the 1919 Code was repealed in 1928, and at the same time a similar statute was adopted, designated as section 349 of the Tax Code (Acts 1928, p. 202). As amended, this section provided: "The county treasurer shall keep an office at the county seat, receive all moneys payable into the treasury of said county, and disburse the same on warrants drawn by the board of supervisors for the county. It shall be the duty of the board of supervisors to provide such office in the courthouse if space therein be available, otherwise such office shall be provided elsewhere at the county seat. But this section is subject to the following qualification, that it shall be competent for the judge of the circuit court, by order entered of record, to certify that in his opinion some other point in the county would be more convenient to a majority of its citizens; and upon the entry of such order, the treasurer, shall remove his office to the place named in said order; but he, or one of his deputies, shall attend the first and second days of each regular term of the circuit court, and all regular meetings of the board of supervisors."

This statute was again amended in 1932 (Chap. 153, Acts 1932, p. 326) giving the boards of supervisors of the several

counties the power theretofore reposed in the judge of the circuit court to determine whether the county treasurer's office should be maintained at some place other than the county seat. This statute is now section 58-916 of the 1950 Code.

Respondent, in effect, contends that inasmuch as the order entered by the judge of the circuit court of Hanover on January 8, 1909, directing the then county treasurer to maintain his office in Ashland has not been modified or revoked, it is in full force and effect, and is binding upon him and the board of supervisors of Hanover county.

This contention is unsound. The order of the court did not give H. Guy Vaughan, the then treasurer, or his successors in office, a vested right to keep the office of treasurer in the town of Ashland forever. The court had the power to modify or revoke the order at any time thereafter prior to the effective date of the 1932 amendment. Thereafter the same power was vested in the board of supervisors that had been formerly vested in the judge of the circuit court.

Since 1909, both the judge of the circuit court of Hanover county and the board of supervisors have acted under the authority given them by this statute—that is, in January, 1930, the Honorable Frederick W. Coleman, the then judge of the circuit court of Hanover county, entered the following order: "Upon the application of C. B. Hall, Treasurer, and for reasons appearing to the Court the said C. B. Hall, is allowed to have his office as such Treasurer of Hanover County, in the Town of Ashland."

On the 23rd day of December, 1935, after the 1932 amendment became effective, the board of supervisors of Hanover county, exercising its authority under the statute, entered the following order:

"For reasons appearing to the Board it is ordered that G. M. Weems, Treasurer, shall rent a room on the 2nd floor, of the D. B. Cox & Co., building for office space for the Treasurer's Office, at a cost of $12.50 per month, to be paid by the County, beginning February 1st, 1936.

"The Board doth authorize G. M. Weems, Treasurer of Hanover County, to take over the furniture and other office equipment belonging to Hanover County, that is now in the F. E. R. A. Office in the Town of Ashland, the same to be used by the said G. M. Weems in the Treasurer's Office."

Section 2854 of the Code of 1919 imposed a mandatory duty upon the board of supervisors of every county to provide "a courthouse, clerk's office and jail, the cost whereof, and of the land on which they may be, and of keeping the same in good order, shall be chargeable to the county * * * but the board of supervisors of any county * * * may, if such board * * * deem it proper, provide offices for the treasurer, commissioner of the revenue, Commonwealth's attorney, sheriff, commissioner of accounts, division superintendent of schools, for such county * * *." Numerous amendments have been made to this statute since 1919. The last amendment adopted is Chapter 120 of the Acts of 1948, p. 291. The pertinent provisions of this act are: "And the boards of supervisors of every county * * * shall, if there be offices in the courthouses of the respective counties * * * available for such purposes, provide offices for the treasurer, Commonwealth's attorney, sheriff, commissioner of the revenue, commissioner of accounts, and division superintendent of schools for such county * * * and the board of supervisors of any county * * * may if there be offices in their respective courthouses available for such purposes, provide offices for the judge of any court sitting in the said county * * * and any judge of the Supreme Court of Appeals who may reside in said county * * * and if such offices are not available in the courthouse, same may be provided by said board of supervisors * * * if they deem it proper, elsewhere than in the courthouse of said county * * *."

The 1950 Code revisors codified and divided this act into five sections—15-686, 15-688, 15-689, 15-690 and 15-691. The pertinent part of the act is Code section 15-689. This provision of the statute authorizes the board of supervisors to provide offices for the treasurer of the county, and the other named officers, in the courthouse if space therein is available, but if no such space is available then it may provide space for all such offices elsewhere than in the courthouse. These provisions are not in conflict with section 58-916, which applies only to the treasurer's office, which requires such office to be maintained at the county seat, unless the board determines that another point in the county is more convenient to a majority of the citizens.

Respondent's second contention is that the town of Ashland is more convenient to a majority of the citizens of Hanover county for the office of treasurer and it was the duty of the board of supervisors to so determine.

The General Assembly has delegated to the board of supervisors, and to no other, the authority to determine whether some place other than the county seat is more convenient to a majority of the citizens for the office of the treasurer of the county. The board may, or may not, act under this authority. The language of the statute is "The office of the county treasurer shall be maintained at the county seat, or at such other point in the county as the board of supervisors * * * may deem to be more convenient to a majority of the citizens of the county * * *."

■ The ordinary meaning of the term "may deem" denotes permission and not compulsion. Our statement in *Masters* v. *Hart,* 189 Va. 969, 979, 55 S. E. (2d) 205, construing the word "may" as used in another statute, is applicable here: "Unless it is manifest that the purpose of the legislature was to use the word 'may' in the sense of 'shall' or 'must' then 'may' should be given its ordinary meaning—permission, importing discretion."

■ Whether the treasurer's office shall be located at the county seat, or at some other place in the county, is within the sound discretion of the board of supervisors. Its decision of the question will not be disturbed in the absence of convincing proof that the board abused the discretion reposed in it. *Egerton* v. *Hopewell,* 193 Va. 493, 501, 69 S. E. (2d) 326.

Respondent's third contention is that the space designated is not well adapted to or adequate for the efficient conduct of the office of the county treasurer and that the board has not provided office furniture, fixtures and equipment necessary for the efficient dispatch of the treasurer's business.

■ Within the past two years the board has made a large addition to the clerk's office, at an expense to the county of $35,000, and has assigned space in this new addition for the offices of sheriff, commissioner of the revenue and county treasurer. It informed the treasurer that the board "doth designate the room in the addition to the Clerk's Office that has been used as the Sheriff's Office and if the Treasurer feels that he needs additional space he is also to occupy one-half of the large room on the front of the addition. However, if Mr. Weems should prefer it, he may use all of the space in the upstairs front room of this addition, * * * and that this space will be available on May 1st, 1952." While the exact measurements of the rooms mentioned are not stated, it would seem that the designated space would be rea-

sonably sufficient for the efficient conduct of the business of the treasurer's office.

Respondent alleges in his answer that "* * * the Board of Supervisors has not provided sufficient furniture, fixtures, and equipment necessary for the efficient dispatch of the Treasurer's Office as required by Section 58-916; that a counter is necessary for such work and the Board of Supervisors has not provided any counter; that the counter now used by your respondent is his own property; that the other County equipment in the possession of your respondent would be necessary to use in a tax sitting office in Ashland in the event your respondent kept his official accounts and records at Hanover Courthouse."

It appears from the pleadings that all the fixtures, except the "counter," now used by the treasurer in his office in Ashland, are owned by the county. If the furniture, fixtures and equipment now used by the treasurer in his office at Ashland are sufficient for the efficient dispatch of the business of the county treasurer at Ashland, it should seem that they would be sufficient for the same purpose at the county seat. The board is under no obligation to provide furniture, fixtures and equipment for two offices, one at the county seat and the other at Ashland. If it be true, as contended by respondent, that a "counter" is necessary for the efficient dispatch of his duties as treasurer at the county seat, then the board can, and doubtless will, provide the same upon request.

A peremptory writ of mandamus, as prayed for, will be issued.

*Mandamus awarded.*