## CIRCUIT COURT OF FAIRFAX COUNTY

Royal Insurance Co.

v.

James Kelley et al.

### April 15, 1987

### Case No. (Chancery) 96007

By JUDGE F. BRUCE BACH

This matter comes before the court on:

(1) Defendants James and Roselyn Kelley's exceptions to the commissioner's report, and Complainant's motion to strike the exceptions; and

(2) Defendant First American Bank's demurrer and plea in bar, and Complainant's motion to strike the plea in bar.

The relevant facts of the case are as follows. In 1967 James and Roselyn Kelley purchased real estate located at 7415 Walton Lane in Annandale. The deed, which was soon recorded, stated that the property was conveyed to the Kelley's as joint tenants with full common law right of survivorship. The Kelleys were married at the time of the purchase and remain married today.

At the time of the purchase, the Kelleys executed a note and a deed of trust which was soon recorded. Defendant Sovran Bank is the current holder of the note, and the current trustees are Defendants Dennis M. Griffith and Kendall Carson. During the 1970s, the Kelleys purchased some adjoining land, and they recorded various deeds of "resubdivision" and "rededication." However, these deeds were not signed by the note holder or trustees on the existing instruments. In 1981, a second note and deed of trust were executed by the Kelleys, but this note has been satisfied. In May of 1983, the Kelleys executed

a third note and deed of trust. This deed of trust was also recorded. Defendant First American Bank is the current holder of this note and Defendants Thomas G. Mays and William J. Fauver are the current trustees.

In June of 1983, the Complainant obtained and docketed a judgment against James Kelley. (Since that time another judgment against James Kelley has been docketed and another deed of trust has been recorded, but these are not at issue in this action.)

In March of 1986, the Complainant filed this bill for partition. The matter was referred to the Commissioner, who filed his report recommending that partition be granted.

The exceptions, demurrer, plea in bar and motions to strike all revolve around the question of whether the Kelleys owned the property as joint tenants with right of survivorship or as tenants by the entireties with right of survivorship. The Complainants contend that the language of the deed should be taken at face value, and that like all other joint tenancies, this one should be partitionable. The Defendants, on the other hand, argue that where a deed conveys property to two people married to one another, as joint tenants with right of survivorship, the deed should be construed as creating a tenancy by the entirety. If the Defendants' argument were to prevail, then the Complainant could not compel partition and could not reach the proceeds from the foreclosure sale.

To support their argument, the Defendants rely heavily on *Allen v. Parkey*, 154 Va. 739 (1929), *Burroughs v. Gorman*, 166 Va. 58 (1936), and *Vasilion v. Vasilion*, 192 Va. 735 (1951). *Allen v. Parkey* is not on point. The deed at issue in that case used neither the words "joint tenants" nor "tenants by the entireties" yet the language of the deed clearly showed the intention to establish the right of survivorship. The Court held that under those facts the estate of the spouses should be viewed as a tenancy by the entireties. In contrast, in the present case the deed expressly uses the term "joint tenants." In *Allen v. Parkey*, the Court had to make a decision as to which form of concurrent ownership permitting a right of survivorship existed, but in this case the form of ownership is unambiguously stated in the deed.

*Vasilion v. Vasilion* is inapplicable since in that

case the deed used the term "tenants by the entireties." The Court simply upheld the language of the deed.

*Burroughs v. Gorman* is more like the present case. The deed expressly provided for a joint tenancy with right of survivorship. The husband deserted the wife, and the wife attempted to convey her interest in the property to her daughter. The daughter then sued to partition the property. Without any explanation other than a reference to *Allen v. Parkey*, the Court affirmed the trial court in sustaining a demurrer. However, as explained above, *Allen v. Parkey* is not dispositive on this issue. As a result, all that can be gleaned from *Burroughs v. Gorman* is that the Court found that the husband and wife had intended to create a tenancy by the entireties and so treated it as one.

Perhaps in 1936 when *Burroughs v. Gorman* was decided there was good reason to assume that where a husband and wife used the term joint tenants with right of survivorship, they in fact intended to be tenants by the entireties with rights of survivorship. Very probably there was substantial public policy supporting special protection for the interests of unsuspecting spouses, particularly wives.

In 1936, relatively few wives were employed full time for wages or salaries. Married women were far less likely than men to be engaged in their own businesses or to direct their own financial activities independently, and normally they were less experienced in the management of property. Thus, married women did not frequently seek to borrow substantial sums of money on their own and were not likely to pledge as security their interest in assets owned jointly with their husbands. Much more frequently the husband might have sought to encumber the jointly owned property and, if allowed, might have done so to the detriment of an innocent and uninformed wife.

The public policy of 1936, however, does not necessarily make sense today. Married women today, as a rule, are fully capable of protecting their own interests. They are often as well or better educated than their husbands, and they very often are employed outside of the home in sophisticated professions. A married woman in contemporary society might very well borrow substantial sums of money for her own purposes and may want to pledge her interest in property jointly owned with her husband. For

these historical reasons, the public policy of 1936 should not control a decision in 1987.

There are very strong contemporary public policies which support a finding that when a married couple purchases property as joint tenants with a right of survivorship, it should be treated as such. First, it would simply be misleading to allow the term "joint tenants" to be used if instead a "tenancy by the entireties" is the estate created. Unsuspecting lenders would find that the security on their loans was illusory. Second, as a matter of economics, it makes sense to treat a joint tenancy for married people the same as a joint tenancy for anyone else. All creditors, not just those versed in Virginia common law, would be able to interpret the language of the deed. Creditors from other states would not be discouraged from lending money in Virginia. Credit would be more available generally, since all property except that expressly acquired as tenants by the entireties could be subject to liens by act of just one of the spouses. The right of alienation and the economic activity which follows the right would be enhanced. Third, there is no good reason why married persons should be prevented from owning property as joint tenants with right of survivorship when unmarried people are free to do so. The married partners may very well want to be free to encumber or alienate their interests individually, yet to retain a right to their spouse's interest in case of death. There is no reason to deny this flexibility to married people.

This result should harm no one. Attorneys handling real estate purchases for married couples can easily explain the alternatives available. Spouses who wish to avail themselves of the full protection of tenancy by the entireties with right of survivorship are free to do so, and all they must do is express their intention clearly in their deeds. On the other hand, spouses who desire the economic utility of a joint tenancy with right of survivorship are free to arrange for that instead.

For these reasons, I find that the Kelleys owned the land as joint tenants with right of survivorship. As a result James Kelley's interest is subject to the Complainant's lien and the property is subject to partition. *Jones v. Conwell*, 227 Va. 176 (1984).

The exceptions to the Commissioner's report, the demurrer and the plea in bar are overruled.