## CIRCUIT COURT OF FAIRFAX COUNTY

Leigh

v.

V. R. Holmes et al.

November 7, 1988

Case No. (Chancery) 102367

By JUDGE LEWIS HALL GRIFFITH

The Court is asked to rule as to whether or not judgments obtained and docketed prior to a subsequent third deed of trust take priority in a foreclosure proceeding of land held by joint tenants with the right of survivorship.

Counsel stipulated to the facts contained in the Bill of Interpleader. The relevant facts are as follows:

A. Old Dominion Bank (now First Virginia Bank) obtained a judgment against Madeleine H. Armstrong and her husband, John W. Armstrong, on September 5, 1968. That judgment was docketed on March 14, 1969.

B. Woodlawn National Bank (now First American Bank of Virginia) obtained a judgment against Madeleine H. Armstrong on June 9, 1969. That judgment was docketed on June 11, 1969.

C. On March 8, 1985, a lot known as Stonewall Manor and located in Fairfax County was conveyed to Madeleine H. and Lillian Armstrong as joint tenants with a right of survivorship. The property was already encumbered by first and second deeds of trust recorded on June 2, 1976,

and June 9, 1983, respectively. The deed of conveyance was recorded on March 29, 1985.

D. On March 13, 1986, Madeleine H. and John W. Armstrong executed a third deed of trust on the property obtained by Madeleine H. Armstrong on March 8, 1985. The deed was granted to V. R. Holmes d/b/a Provident Trust and recorded on March 13, 1986.

E. Foreclosure proceedings were instituted by the holder of the second deed of trust. Plaintiff, trustee, now questions the priorities among the aforementioned parties.

In order to resolve this issue of lien priority, it is necessary to address (a) when a lien on the realty attached and (b) whether the priority was subject to a judgment lien.

A. Section 8.01-458 of the Va. Code states: "Every judgment for money rendered in this Commonwealth by any state or federal court . . . as provided by law, shall be a lien on all real estate of or to which the defendant in the judgment is or becomes possessed or entitled, from the time such judgment is recorded on the judgment lien docket . . . ." Based on the Code language, a docketing of the judgment is a prerequisite to the creation of an effective lien. *Furshen v. Bennett Heating and Air Conditioning, Inc.,* 2 B.R. 636 (E.D. Va. 1980); *Bartl v. G. Weinberger & Co.,* 32 B.R. 215 (E.D. Va. 1983). Therefore, when Old Dominion Bank's judgment was docketed in Fairfax Circuit Court, a valid lien arose at that time and attached to the subsequently acquired property located in Fairfax County. Because a valid lien arose on March 14, 1969 (the date of the docketing), the third deed of trust (which was not docketed until March 13, 1986) is inferior to the judgment lien.

Section 8.01-459 of the Virginia Code states that "Judgments against the same person shall, as among themselves, attach to this real estate and be payable in the order of the priority of the lien of such judgments." Based on this Code Section, Old Dominion Bank's lien would take priority over Woodlawn National Bank's lien because Old Dominion's was docketed on March 14, 1969, while Woodlawn's was docketed on June 11, 1969. In addition, both judgment liens take priority over the third deed of trust

as previously discussed. (*See*, pp. 3-7, Old Dominion Bank's Brief in Support of Priority Claim).

B. Section 8.01-458 as set out in (A) indicates that subsequently acquired property is subject to a prior judgment lien. *Bartl v. G. Weinberger & Co.*, 32 B.R. 215 (Bankr. E.D. Va. 1983). Thus, the property conveyed to Madeleine H. and Lillian Armstrong in 1985 is subject to both the March 14, 1969, lien (Old Dominion Bank) and the June 11, 1969, lien (Woodlawn National Bank). The fact that Madeleine H. Armstrong held the real estate at issue as a joint tenant with a right of survivorship should not preclude the two judgment creditors from obtaining valid and effective liens against the property. It is clear from *Jones v. Conwell*, 227 Va. 176, 314 S.E.2d 61 (1984), that a judgment creditor may obtain a valid lien upon such property. In *Jones*, the Court stated that it agreed with the plaintiff who argued "that as a matter of statutory interpretation and public policy, a judgment lien creditor is entitled to reach any property interest which his judgment debtor can reach including an interest in a joint tenancy with a right of survivorship. *See also*, *Royal Insurance Co. v. Kelley*, 8 Va. Cir. 410, 413 (1987): "For these reasons, I find that the Kelleys owned the land as joint tenants with a right of survivorship. As a result, James Kelley's interest is subject to the Complainant's lien . . . ."

In concluding, both Old Dominion Bank and Woodlawn National Bank obtained judgment liens and priority many years prior to the 1986 third deed of trust. In addition, the judgment creditors obtained liens against appropriate property, *i.e.*, land held by joint tenants with a right of survivorship.