## CIRCUIT COURT OF LOUDOUN COUNTY

Centennial Ashburn Business Park
Associates, L.P., et al.

v.

Providence Savings and Loan
Association, F.A., et al.

October 11, 1990

Case No. (Chancery) 13011

By JUDGE THOMAS D. HORNE

This cause came to be heard on the motion of the Complainants to temporarily enjoin the foreclosure sale of a certain property located at the northwest corner of Route 607 and Route 625 in Loudoun County, Virginia, otherwise known as the Ashburn Business Park. The proposed sale is scheduled to be conducted on October 12, 1990, at 1:00 p.m. on the steps of the courthouse. Such sale has been advertised in the Loudoun *Times Mirror*, a paper of general circulation in Loudoun County. Complainants do not suggest that the advertisements fail to comply with the terms of the statute or the deed of trust in content, number of publications, or timeliness. Instead, Complainants suggest that the Trustee, as agent for both the debtor and creditor was obligated to advertise such property more extensively than the minimum set forth in the statute. They suggest such requirement is to be found in the words of the trust. Whether based upon the express terms the trust or the provisions of Section 55-59.2, Code of Virginia, as amended, such a contention on the part of the Complainants is unsound.

Pursuant to the provisions of Section 55-59.2, Code of Virginia, 1950, as amended, as applied to the instant property, the trustee is required to advertise such a sale (where the deed of trust does not provide for a number of publications) once a week for four successive weeks in a newspaper of general circulation in the County. The advertisement must be placed in the section of the newspaper where legal notices appear or where the type of property being sold is generally advertised for sale. No sale may take place less than eight days following the first advertisement or more than thirty days following the last advertisement. Also, the trustee is obligated to give any additional notice required by the deed of trust and "in addition may give such additional advertisement as he may deem appropriate." Section 55-59.2(C), Code of Virginia, as amended. Such language concerning additional notice is also set out within the terms of the trust.

A trustee acting under a deed of trust is a fiduciary for both debtor and creditor. *Smith v. Credico Industrial Loan Company*, 234 Va. 514 (1987). The legislative history of the current statutory advertising requirements for a foreclosure sale is set forth in *Deep v. Rose*, 234 Va. 631 (1988). Suffice it to say, the legislature has through statutory amendments sought to specify and clarify the minimum advertising requirements necessary to a valid foreclosure sale.

Such statutory provisions add certainty to foreclosure sales. As applied, they limit the scope of judicial review of the trustee's actions to specific compliance with the terms of the statute. This may be contrasted with the rather allusive scope of review that arises from the application of a "prudent" and "fair" standard in each case. *Cf. Wilson v. Wall*, 99 Va. 353 (1901). This Court believes, consistent with general rules of statutory construction, that the phrase "may deem" contained in the statute and the deed of trust is intended to invest the trustee with permission to enlarge the scope of advertising but is not meant to compel him to exercise such additional methods. *Board of Supervisors of Hanover County v. Weems*, 194 Va. 10, 15 (1952).

In evaluating the Complainants entitlement to a temporary injunction, the Court must balance injury to the Plaintiff and harm to the Defendant, the likelihood

of Complainants' success on the merits and the public interest. Under the evidence submitted by way of affidavit, the Court finds that Complainants cannot prevail in this case. The trustee is under no obligation to advertise beyond what is specified under the provisions of Section 55-59.2, Code of Virginia, as amended. Any additional advertising is permitted but not compelled under the statute and the terms of the trust. Accordingly, not only do Complainants have little promise of succeeding on the merits but the only harm which may be said to arise would befall the Defendants.

Accordingly, the Court will deny the Petition for a Temporary Injunction.