COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia


JENNIFER L. BLAKE, S/K/A
 JENNIFER LYNN BLAKE
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 2872-96-1   JUDGE RICHARD S. BRAY
                                       JANUARY 20, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                    Russell I. Townsend, Jr., Judge

            Randolph D. Stowe for appellant.

            Kathleen B. Martin, Assistant Attorney
            General (Richard Cullen, Attorney General;
            H. Elizabeth Shaffer, Assistant Attorney
            General, on brief), for appellee.


        Jennifer Lynn Blake (defendant) was convicted of forging a

public record in violation of Code § 18.2-168 as a result of

signing another's name to a traffic summons.  On appeal,

defendant argues that a traffic summons is not a writing

contemplated by Code § 18.2-168.  We disagree and affirm the

judgment of the trial court.

        The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

        On May 18, 1995, Trooper Deena Suits stopped defendant for

speeding in Chesapeake, Virginia.  When asked for identification,

defendant produced a driver's license bearing the name "Marla

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

George."  The trooper issued a Uniform Summons against "George,"
and defendant signed the document accordingly.  The
misrepresentation was subsequently discovered, and a grand jury
indicted defendant for forgery of "a public record or certificate
in relation to a matter where said document may be received as
legal proof, to wit:  a Virginia Uniform Summons, in violation of
Section 18.2-168 of the Virginia Code."

> Code § 18.2-168 provides that
> [i]f any person forge a public record, or
> certificate, return, or attestation, of any
> public officer or public employee, in
> relation to any matter wherein such
> certificate, return, or attestation may be
> received as legal proof, or utter, or attempt
> to employ as true, such forged record,
> certificate, return or attestation, knowing
> the same to be forged, he shall be guilty of
> a Class 4 felony.

As "recorded information that documents a transaction . . . with
. . . [a] public officer . . . of the state government," a
properly issued Uniform Summons is clearly a public record.[1]  See
Code § 42.1-77; Cf. Reid v. Commonwealth, 16 Va. App. 468,
470-71, 431 S.E.2d 63, 64-65 (1993) (fingerprint card a public
record).  Defendant contends, however, that a violation of Code
§ 18.2-168 requires forgery of a "public record" which also "may
be received as legal proof."  Because a traffic summons does not
rise to "legal proof," defendant reasons that her conduct is not
violative of the statute.

_____

[1] Although defendant, on appeal, does not contest that a
traffic summons is a public record, we necessarily address the
issue as a predicate to our ultimate disposition.

- 2 -

When the language of a statute is clear and unambiguous, a court will give the statute its plain meaning.  Tross v. Commonwealth, 21 Va. App. 362, 377-78, 464 S.E.2d 523, 530 (1995).  We recognize that criminal statutes must be construed strictly against the Commonwealth and in favor of the accused, Johnson v. Commonwealth, 211 Va. 815, 819, 180 S.E.2d 661, 664 (1971); however, "the province of construction is wholly within the domain of ambiguity, and that which is plain needs no interpretation."  Barnett v. D.L. Bromwell, Inc., 6 Va. App. 30, 34, 366 S.E.2d 271, 273 (1988) (citation omitted).

It is well established that legislative use of the "word . . . 'may' should be given its ordinary meaning – permission . . . ."  Masters v. Hart, 189 Va. 969, 970, 55 S.E.2d 205, 210 (1949); see Harper v. Virginia Dep't of Taxation, 250 Va. 184, 194, 462 S.E.2d 892, 898 (1995) (defining "may" as "prima facie permissive").  Defendant does not dispute that the offending summons could constitute permissible "legal proof" under certain circumstances.  Thus, the summons before the court was clearly a forged "public record" which "may be received as legal proof," a writing expressly proscribed by Code § 18.2-168.

Accordingly, we affirm the conviction.

Affirmed.