## CONCORDIA COLLEGE CORP. et al. v. GREAT AMERICAN INS. CO.

### Civ. No. 980.

United States District Court,
D. Minnesota, Sixth Division.
April 23, 1953.

404

Rosengren & Rufer, Fergus Falls, Minn., and G. L. Dosland, Moorhead, Minn., for plaintiffs.

Clausen, Hirsh & Miller, Chicago, Ill., and Field, Arvesen & Donoho, Fergus Falls, Minn., for defendant.

JOYCE, District Judge.

This suit was commenced by Concordia College Corporation and T. F. Powers Construction Co. to recover under a certain Builder's Risk Policy of Insurance, issued by the defendant to plaintiffs, insuring the Concordia College Gymnasium Building while the same was in the course of construction, from various risks including windstorm. Plaintiffs claim that said building, being constructed for the College by T. F. Powers Construction Co. as contractor, when partially completed, was damaged by windstorm causing loss to the plaintiffs in the amount of $100,000. Diversity of citizenship being present, the defendant removed to this court on September 18, 1952. Defendant thereupon served its answer admitting the issuance of the policy but denying liability thereunder.

The matter now before the court is defendant's motion under Rule 14(a), Federal Rules of Civil Procedure, 28 U.S.C.A., to bring in as third-party defendants William M. Ingemann, alleged to be the architect employed by the College who prepared the plans and specifications for the erection of the steel framework of the building in question, and Holman Erection Company who under a subcontract assembled and constructed the steel framework.

The proposed third-party complaint asserts that the defendant insurer has both by the terms of the policy and by implication of law a right of subrogation, conditioned upon payment of a claim under the policy, to any rights the insureds may have against third parties arising out of the loss, and claims such right of action exists as against Ingemann on the part of the College by reason of his negligence and breach of warranty in the manner in which he prepared the plans and specifications, and as against Holman Erection Company on the part of both plaintiffs herein by reason of its negligence and breach of warranty in the manner in which it assembled and constructed the said steel framework. The defendant claims that the portion of the building then erected collapsed and fell by reason of the alleged negligence and breach of warranty of the proposed third-party defendants.

■ The plaintiffs object to the motion on several grounds, one being that such third-party procedure is not necessary to the determination of the main action and is premature. The claim to be asserted in the third-party complaint being based upon a theory of subrogation and conditioned as to its inception upon the payment of a claim under the policy, could not be asserted in an independent action until such condition had occurred. In this sense the granting of the motion will accelerate the time in which the claim, if one exists, may be presented. However, the language of Rule 14 contemplates the presentation of such conditional claim when it speaks of the impleader of a party "who is *or may be* liable." And the mere acceleration in time does not make the presentation of such claim premature. Jeub v. B/G Foods Inc., D.C., 2 F.R.D. 238.

■ The plaintiffs also assert that the joining of the third-party defendants will inject new issues into the case which may not be material to their claim under the policy, will be confusing to the jury, and will operate to prejudice plaintiffs in the presentation of their case. While a motion under Rule 14 is directed to the discretion of the court, General Taxicab Ass'n v. O'Shea, 71 App.D.C. 327, 109 F.2d 671, it must be recognized that Rule 14 is intended primarily to avoid circuity of action and in aid of that purpose should be liberally construed. Lawrence v. Great Northern Ry. Co., D.C., 98 F.Supp. 746. Bearing in mind that resort to the use of third-party procedure in any case will in some degree complicate the issues to be tried, the extent to which such factor is present in this case must be balanced against the broad objective of the rule. When thus viewed, the possible prejudice to the plaintiffs in this case does not appear to outweigh the possible benefits to be derived from the use of third-party procedure. See Lees, Inc. v. Transcontinental Underwriters, 9 F.R.D. 470; Elgin Cooperative Ass'n v. American Employers Ins. Co. v. Doran, D.C., 14 F.R.D. 414.

This motion has been brought on at a comparatively late stage in the case, the issues having been joined in the main action since September 1952. However, upon an examination of the entire file herein and in view of the previous pre-trial motions and proceedings, it appears that the defendant has not been dilatory in the matter and that such delay as has occurred will not operate to prejudice the plaintiffs.

■ In addition to the other objections raised, the plaintiffs urge that as a matter of substantive law the defendant insurer has no right of subrogation under the policy for either negligence or breach of warranty because as plaintiffs contend the defendant insured the structure as designed and planned and with full knowledge or opportunity to learn of the details of the

plans and specifications and of the method to be used in erecting the structure. If such contention is advanced in the pleadings and sustained by the evidence later adduced, it may well be that no right of subrogation will be found to exist. However, this matter of substantive law is not properly for decision on consideration of the present motion. While for the defendant to prevail upon its motion there must be some showing that the third party may be liable to the defendant, Mills v. Board of Education of Anne Arundel County, D.C., 30 F.Supp. 245, it is not necessary that it make out its case as a matter of relative certainty. See Lane v. Celanese Corp. of America, D.C., 94 F.Supp. 528. The question raised may properly be determined after the third-party defendants are impleaded.

Accordingly, the defendant's motion is granted.