KELLER CRESCENT PRINTING AND ENGRAVING COMPANY, Plaintiff,

v.

Charles C. ROSEN, Defendant, Turner Printing Machinery Co. and Pittsburgh Forbes, Inc., and Printing Development, Inc., Third Party Defendants.

Civ. A. No. 10784.

United States District Court W. D. Pennsylvania.

Oct. 14, 1955.

Kirkpatrick, Pomeroy, Lockhart & Johnston, Pittsburgh, Pa., for plaintiff.

Jerome Solomon, Edwin B. Goldsmith, Pittsburgh, Pa., for defendant, Charles C. Rosen.

Sidney Weitz, Weitz & Weitz, Cleveland, Ohio, for Turner Printing Machinery Co.

Stonecipher & Cunningham, Pittsburgh, Pa., for Pittsburgh Forbes, Inc.

Thorp, Reed & Armstrong, Pittsburgh, Pa., for Printing Development, Inc.

McILVAINE, District Judge.

On August 25, 1952, Keller Crescent Printing and Engraving Company, here-

inafter referred to as Keller, sued Charles C. Rosen, hereinafter referred to as Rosen, for the sum of $5000, alleging that the defendant, Rosen, negligently handled and damaged a certain printing press which it had agreed to move for Keller. Rosen by his answer filed September 25, 1952, denied the allegations contained in Keller's complaint and specifically denied that he had entered into any contract with Keller or that he was negligent.

On September 25, 1952, Rosen filed a third party complaint with leave of court against Turner Printing Machinery Company, Pittsburgh Forbes, Inc., and Printing Development, Inc., hereinafter referred to as Turner, Pittsburgh Forbes, and Printing Development.

On March 7, 1955, the defendant, Rosen, filed an amended third party complaint prior to any answer by these third party defendants.

Thereafter Turner and Pittsburgh Forbes filed a motion to vacate the order, granting Rosen leave to file the third party complaint and to strike the third party complaint. They alleged in their motion that the complaint fails to state facts on which the third party defendant is or may be liable to the original defendant, Rosen, for all or part of Keller's, the original plaintiff's, claim against the original defendant, Rosen.

Under Rule 14, Subdivision (a), of the Federal Rules of Civil Procedure, 28 U.S. C.A., a defendant may move after the service of his answer, on notice to the plaintiff, for leave as a third party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.

In paragraph two of the amended third party plaintiff complaint Rosen charges that Pittsburgh Forbes, Turner, and Printing Development are jointly or severally liable with him to the original plaintiff.

In his complaint Rosen charges that Pittsburgh Forbes had control of the freight elevator and the operator and that Turner had control over the employees in charge of the building and was responsible for the management of the building.

He also charges that one, Kenneth Sheppard, was an employee of both of the third party defendants and was in immediate control of the building and the elevator, and that Sheppard gave Rosen exclusive use of the elevator for the removal of the machinery without interference by any other tenant or persons in the building. He then alleges that Pittsburgh Forbes and Turner Printing were negligent in their failure to take the proper precautions to prevent any other person from pushing the elevator buttons and thus moving the elevator, in failing to post notices or to give notices to other tenants not to use the elevator, in locking the safety devices, and in operating the elevator in violation of the law of Pennsylvania. He concludes by claiming that Turner and Pittsburgh Forbes are liable to him for all damage alleged to have been caused and demands judgment against them for any and all sums that may be found against Rosen in favor of Keller.

In answer to this Turner and Pittsburgh Forbes have filed a motion to vacate the order and strike the third party plaintiff complaint, and in support thereof Turner has attached an affidavit in which it, in effect, denies the allegations contained in Rosen's third party complaint, and claims that it has conveyed all the real property to Pittsburgh Forbes. Pittsburgh Forbes in its Brief argues that it is a landlord out of possession and, therefore, could not be liable under the law of Pennsylvania. Whether or not they are landlords out of possession is a fact that we will not pass on at this time, and if landlords out of possession whether they could or could not be liable under the law of Pennsylvania is also not decided at this time. What is before the court is a motion to dismiss the third party complaint. Where such a motion is filed, the facts alleged in the third party complaint must be taken as true. Gartner v. Lombard Bros., 3 Cir., 1952, 197 F.2d 53.

The sole question as we see it is whether or not Rosen has made out in its pleadings a case on which if the facts are developed it could recover all or part from Turner and Pittsburgh Forbes what it may be called upon to pay Keller.

The Pennsylvania Statute provides:

"Contribution shall be enforcible among those who are jointly or severally liable for a tort where, as between them, such liabilities are either all primary or all secondary." Act of June 24, 1939, P.L. 1075, § 1; 12 Purdon's Pa.Stat.Ann. § 2081.

While this statute has been repealed and superseded by the Uniform Contribution Among Tortfeasors Act, Act of July 19, 1951, P.L. 1130; 12 Purdon's Pa.Stat.Ann. §§ 2081, 2083 (Supp. 1955), nevertheless, it was in effect on September 18, 1950, at the time of the alleged negligence of the original defendant and of the third party defendants, which gave rise to this action. It is the law in effect on that date which will govern this case.

The facts as developed could show both Pittsburgh Forbes and Turner to be tort-feasors and both primarily liable. It could well be that the case would be one for contribution under the Pennsylvania Statute. See Gartner v. Lombard Bros., supra. Contribution is permitted between joint tort-feasors under the law of Pennsylvania. Fisher v. Diehl, 1945, 156 Pa.Super. 476, 40 A.2d 912. It is the Pennsylvania substantive law which will govern this case.

Inasmuch as an impleader is authorized to bring in a third party who would necessarily be liable over to the defendant for all or any part of the plaintiff's recovery by way of contribution, 1 Barron and Holtzoff, Federal Practice and Procedure § 426, the third party defendants', Turner and Pittsburgh Forbes', motion to vacate the order and to strike the third party complaint will be denied.

The fact that the third party complaint also alleges liability of the third party defendant to the original plaintiff will be disregarded as surplusage, and only that part of the complaint wherein Rosen alleges that Pittsburgh Forbes and Turner are liable to him will be considered.