309 F.2d 320
 Salvatore V. BONANNO, Appellant,
v.
Charles THOMAS, Gordon Selby, Leon Orr, Charles Hodges, Don Rust, Harold Harrett, John Doe Bingaman, John Doe Bentz, John Doe I, John Doe II, John Doe III, John Doe IV, John Doe V, Richard Roe I, Richard Roe II, Richard Roe III, Richard Roe IV, and Richard Roe V, Appellees.
 No. 17630.
 United States Court of Appeals Ninth Circuit.
 October 25, 1962.
 
 Dominic H. Frinzi, Milwaukee, Wis., Paul H. Primock, and W. T. Elsing and Francis R. Crable, Phoenix, Ariz., for appellant.
 Merle L. Hansen, City Atty., Leven B. Ferrin, Asst. City Atty., Gibbons, Kinney & Tipton, Phoenix, Ariz., Faulkner, Sheehan & Wiseman, and Harold C. Faulkner, San Francisco, Cal., for appellees.
 Before ORR, HAMLEY and MERRILL, Circuit Judges.
 HAMLEY, Circuit Judge.
 
 
 1
 Salvatore V. Bonanno appeals, in part, from a district court judgment dismissing his first amended complaint in this civil rights damage suit, and dismissing the action.
 
 
 2
 The suit was commenced on May 3, 1961. The City of Phoenix, Arizona, the chief of police of that city, and two detective lieutenants of Phoenix were named as defendants. Defendants filed and noticed for hearing a motion to dismiss the action. On July 13, 1961, no ruling having been made on the motion to dismiss, Bonanno filed his first amended complaint. In this pleading Bonanno named, as additional defendants, five named persons, five "John Does," and five "Richard Roes," all alleged to be Phoenix police officers.
 
 
 3
 On July 24, 1961, defendants moved to strike certain words from the first amended complaint, and to dismiss that complaint. The record does not indicate that these motions were noticed for hearing or that any hearing was had thereon. On September 20, 1961, an order was entered by minute entry, reading as follows: "It is Ordered that Defendants' Motion to Dismiss First Amended Complaint is granted, and that this action is dismissed."
 
 
 4
 Bonanno thereupon appealed, but only as to the personal defendants, thereby permitting the judgment of dismissal to stand as to the City of Phoenix.
 
 
 5
 There are two specifications of error, namely: (1) the first amended complaint states a valid claim for relief under the Civil Rights Act and other general law, and sets forth all jurisdictional requirements;[1] and (2) if the first amended complaint was, in fact, deficient, appellant should have been, but was not, afforded an opportunity to amend that pleading.
 
 
 6
 We turn to the second of these specifications of error.
 
 
 7
 In the motion which was acted upon by the district court, appellees sought dismissal of the complaint on the following grounds: (1) the complaint fails to state a claim under any theory upon which relief can be granted by the federal courts, appellant's relief, if any, being available only in the state courts; (2) the complaint framed under the theory of conspiracy fails to state a claim because it is not alleged that plaintiff was discriminated against as a class of persons because of race, religion or nationality; (3) the complaint framed under the theory of conspiracy fails to state a claim because no facts showing a conspiracy are alleged; and (4) the court lacks jurisdiction for the reason that the parties are citizens of the same state and the subject matter presents for determination no question arising under the Constitution of the United States, or otherwise within the jurisdiction of the United States District Court.[2]
 
 
 8
 As indicated above, the district court did not state which of these four grounds was relied upon in dismissing the action.
 
 
 9
 For all that can be determined from the record, the action may have been dismissed on ground (2) listed above, and on no other ground. If so, it would be necessary to reverse in view of our decisions in Cohen v. Norris, 9 Cir., 300 F.2d 24, 29-30, and Marshall v. Sawyer, 9 Cir., 301 F.2d 639, 646, which were handed down several months after this judgment of dismissal was entered. While discrimination on the basis of race, religion or nationality may provide a basis for a civil rights damage claim, other violations of Constitutional rights, not involving discriminations of this kind, may also provide an adequate basis for such a claim.
 
 
 10
 It is likewise possible that the district court, applying what it may have believed to be a reason available under grounds (1) and (4), dismissed on the theory that the federal courts should abstain in favor of state judicial remedies. If so, it would be necessary to reverse on the authority of the Marshall case referred to above.
 
 
 11
 On the other hand, the district court may have felt that under the allegations of the amended complaint, no violation of any Constitutional right, cognizable under the Due Process or the Privileges and Immunities Clauses of the Fourteenth Amendment, and hence amenable to the sanctions of the Civil Rights Acts, was shown or could be shown. If this was the basis for the judgment of dismissal a review thereof would present important Constitutional questions.
 
 
 12
 It does not seem to us that either appellant or this court ought to be called upon to guess which ground was relied upon by the district court, or in the alternative to explore all grounds which were made the basis of the motion, in order to be sure we deal with the ground relied upon by the court. Such an appellate task is particularly inappropriate where, as here, Constitutional questions are at issue as to some but not all of the grounds on which the motion was based.
 
 
 13
 Moreover, if this complaint was dismissed for failure to state a claim on which relief could be granted, leave should have been granted to amend unless the court determined that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency. We find no indication of such a determination in this record. It is of no consequence that no request to amend the pleading was made in the district court. Sidebotham v. Robison, 9 Cir., 216 F.2d 816, 826.
 
 
 14
 Where a complaint is dismissed on the ground that it fails to state a claim, the order should also inform the plaintiff of the reason for dismissal so that he can make an intelligent choice as to amending. Griffin v. Locke, 9 Cir., 286 F.2d 514, 515.
 
 
 15
 The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.
 
 
 
 Notes:
 
 
 [1]
 The principal provisions of the Civil Rights Act upon which appellant relied in the first amended complaint are 28 U.S.C. § 1343; 42 U.S.C. §§ 1981-1988
 
 
 [2]
 Not included are two grounds having reference only to defendant City of Phoenix