STATE PUBLIC SCHOOL BUILDING AUTHORITY, a public corporation and governmental instrumentality of the Commonwealth of Pennsylvania, Plaintiff,

v.

TECTUM CORPORATION, (formerly known as Alliance Manufacturing Company), an Ohio Corporation, Defendant and Third-Party Plaintiff,

v.

HUNTER, CAMPBELL & REA, Third-Party Defendant (two cases).

Civ. A. Nos. 7487, 7815.

United States District Court
M. D. Pennsylvania.
Sept. 9, 1963.

Allen Shaffer, Harold E. Miller, Harrisburg, Pa., J. H. Connell, Jr., Cresson, Pa., Jerome H. Gerber, Harrisburg, Pa., for plaintiff.

Hull, Leiby & Metzger, Harrisburg, Pa., for defendant and third-party plaintiff.

Metzger, Wickersham & Knauss, Harrisburg, Pa., for third-party defendant.

FOLLMER, District Judge.

This matter is before the Court on the following motions:

1. Of defendant, Tectum, to dismiss or quash the return of service on the grounds that Tectum is an Ohio corporation, is not subject to service of process in Pennsylvania, is not licensed to do business in Pennsylvania, is not doing business in Pennsylvania, and was not properly served.

2. Of third-party defendant, Hunter, (a) to dismiss or quash the return of service as to Tectum on the following grounds: (1) no venue; (2) Tectum is an Ohio corporation and was not and is not subject to service of process in Pennsylvania, is not licensed to do business in Pennsylvania, and is not doing business in Pennsylvania, Tectum was not properly served; and (b) to dismiss third-party complaint because for reasons stated there can be no liability on the part of third-party defendant.

The suits were originally filed in the Court of Common Pleas of Dauphin County, Pennsylvania, and transferred to this Court to Civil Action No. 7487 having reference to a public school building in Cresson Borough, Cambria County, Pennsylvania, and Civil Action No. 7815 having reference to a public school building in Lawrence Township, Clearfield County, Pennsylvania.

Pennsylvania Procedural Rule 1503, 12 P.S.Appendix, Venue, provides, in part, as follows:

"(b) An action by the Commonwealth or the head of an executive or administrative department, a departmental administrative board or commission or an independent administrative board or commission, or an officer or instrumentality of the Commonwealth, may also be brought in Dauphin County."

State Public School Building Authority is an instrumentality of the Commonwealth, Merner v. Department of Highways, 375 Pa. 609, 612, 101 A.2d 759 (1954). Accordingly, venue was properly laid in Dauphin County.

Copy of the complaint in Civil Action No. 7487 was served on December 11, 1961, by the Sheriff of Philadelphia County who was deputized for that purpose by the Sheriff of Dauphin County, by handing a copy of the same to Robert Wright[1] at the office of defendant at Philadelphia. Subsequently the case was removed to this District and filed to Civil Action No. 7487. Thereafter, Hunter, Campbell & Rea was brought in as a third-party defendant. Service of the third-party complaint was made December 4, 1962, by the United States Marshal of the Western District of Pennsylvania by handing a copy thereof to W. Walter Campbell, Copartner, at its place of business, 5th Avenue and 36th Street, Altoona, Pennsylvania.

Copy of the complaint in Civil Action No. 7815 was served on July 27, 1962, by the Sheriff of Philadelphia County who was deputized for that purpose by the Sheriff of Dauphin County, by handing a copy of the same to Miss Fox[2] at the office of defendant at Philadelphia. Subsequently the case was removed to this District and filed to Civil Action No. 7815. Thereafter Hunter, Campbell & Rea was brought in as a third-party defendant. Service of the third-party complaint was made December 4, 1962, by the United States Marshal of the Western District of Pennsylvania by handing a copy thereof to W. Walter Campbell, Copartner at its place of busi-

1. Tectum's Philadelphia-New York Branch Manager.

2. Full time secretary in Tectum's Philadelphia office.

ness, 5th Avenue and 36th Street, Altoona, Pennsylvania.

Service having been made by the Sheriff of Philadelphia County by deputization of the Sheriff of Dauphin County on person or persons in charge of defendant's office in Philadelphia was a proper service providing it is found defendant is doing business in Pennsylvania, Pennsylvania Procedural Rule 2180.

Tectum is an Ohio corporation and has conducted activities, operations or corporate functions in Pennsylvania since 1955. It maintains no inventories in Pennsylvania, does not consign any of its products to anyone within the State of Pennsylvania, and maintains no security interest in its products delivered to Pennsylvania. Tectum did maintain a regional office in Philadelphia, and it did adjust complaints on its products located in Pennsylvania. Defendant's Philadelphia office was furnished with furniture and equipment which it owned. It had two full time employees in the Philadelphia office. A number of defendant's other employees have on occasion operated in Pennsylvania. The name "Tectum" was inscribed on the office door, it was listed in the office directory and in local telephone directories in both the alphabetical and classified sections. The stationery used in the Philadelphia office referred to that office as a "regional office" of defendant.

Defendant's employees canvassed or otherwise serviced the eastern half of Pennsylvania (in which it had three distributors), the New England states, New Jersey, New York, Delaware, Maryland, Virginia and Washington, D. C. Defendant's full time salaried employees travel in Pennsylvania assisting local distributors to effect distributor sales. Defendant advertises in a number of trade journals which appear in Pennsylvania, the cost of which was $3,860.15, representing about 5% of defendant's advertising budget for such journals.

Orders received by defendant's Pennsylvania distributors are reported first to the Philadelphia regional office and then forwarded to the main office in Columbus, Ohio. Defendant's Philadelphia staff helped train employees of Pennsylvania distributors; they would also accompany distributors' employees when they made sales promotion calls on architects and engineers. Defendant's regional manager of its Philadelphia office, Wright, visited its distributors and encouraged sale of defendant's products; if distributor's employee was new, he, Wright, would personally make the promotion; he would present the material, demonstrate its uses and its physical qualities and describe its applicability to various architectural problems.

Defendant's product had been approved as a material suitable for installation on Authority projects, it had given some trouble, the Authority took the position that defendant's product would no longer be acceptable on its projects and so advised defendant. Defendant's sales manager, Albyn, came to Pennsylvania for the purpose of persuading the Authority to reconsider its decision, to permit defendant's product to be used and suggested a specific warranty to protect the Authority. Eventually a ten year warranty was accepted by the Authority and in reliance thereon Authority continued its approval of defendant's product.

Defendant's Pennsylvania distributors sold approximately $500,000.00 worth of its product annually.

In Rufo v. Bastian-Blessing Company, 405 Pa. 12, 17–18, 173 A.2d 123, 126 (1961), in dealing with a comparable situation, the Court said, inter alia:

"We find no difficulty in holding that the activities of this company carried on and pursued in this Commonwealth through the medium of the distributors,—bound to the company by restrictive type agreements —and, especially, the activities of the sales representatives—full-time employees regularly and systematically soliciting business and engaging in other activities for the company—constituted 'doing business' within the Commonwealth. The sales representatives certainly carried on and performed a 'series

of similar acts' in Pennsylvania; to hold that their purpose was not the realization of pecuniary benefit is to ignore the obvious."

■ Similarly, in the instant cases I find no difficulty in holding that the various activities of the defendant constituted doing business in Pennsylvania. Defendant's activities pointed to one objective, namely, realizing pecuniary benefit.

By both the provisions of Pennsylvania Procedural Rule 2179(a) and those of Section 1011 of the Pennsylvania Business Corporation Law, 15 P.S. § 2852–1011,[3] there can be no question but that Tectum was doing business in Pennsylvania, jurisdiction is here and venue is properly placed, Kulicke v. Rollway Bearing Company, Inc., D.C.E.D.Pa., 131 F. Supp. 572 (1955); Solt v. Interstate Folding Box Company, D.C.E.D.Pa., 133 F.Supp. 7 (1955).

In the instant cases the defendant was personally served through its employees in its Philadelphia office and is thus distinguishable from the holding of the Court in Rufo, supra, that under the facts of that case defendant company could not be validly served under Section 1011, subd. B of the Pennsylvania Business Corporation Law, Baxter v. Coppock, D.C.E.D.Pa., 202 F.Supp. 907 (1962).

Defendant's motion to dismiss or quash the return of service in each case will be denied, and the motion of third-party defendant to dismiss or quash the return of service as to defendant in each case will likewise be denied.

As to the motion of third-party defendant to dismiss the third-party complaint in each case:

In the instant cases the Court exercised its discretion and permitted defendant and third-party plaintiff to bring

in third-party defendant. Federal Rules of Civil Procedure 14(a); 3 Moore F.P. 2d Ed. ¶ 14.05, Page 414.

■ At this stage of the proceedings the Court is unable to state as a certainty that there is no possibility of liability on the part of third-party defendant to third-party plaintiff.

In 3 Moore F.P.2d Ed., ¶ 14.07, Page 418, it is stated:

"A long line of decisions have allowed impleader, despite a difference in the *legal nature* of the claims of the plaintiff and the third-party plaintiff, where a single 'group or aggregate of operative facts' was involved. * * *"

Paragraphs 7 and 8 of both Complaints state:

"7. Plaintiff make [4] (sic) known the particular purpose for which the Tectum tile (roof deck material) was required and Defendant warranted said decking to be fit for the purpose intended.

"8. In accepting Tectum roof deck Plaintiff relied on the warranty of fitness for purpose intended and on [5] the Defendant's skill, judgment and experience in the design and manufacture of roof decking."

Both complaints later allege that the roof decking materials supplied by the defendant were defective and that plaintiff has suffered damages by reason of defendant's "breach of warranty."

■ The liability of third-party defendant is based upon the improper design, construction and ventilation of the school buildings which caused the presence of excessive moisture in the buildings. It is further alleged in third-party complaints that this excessive moisture damaged the material supplied by third-party plaintiff and caused the

3. The provisions of this section were further liberalized by the Act of August 13, 1963, No. 377.

4. In the original complaint in Civil Action No. 7815 the second word is "made" and not "make".

5. In the original complaint in Civil Action No. 7815 the words are "and the Defendant's" instead of "and on the Defendant's."

**312**

damage alleged in plaintiff's complaints. We must assume the facts alleged in the third-party complaints to be true, Gartner v. Lombard Bros., Inc., 3 Cir., 197 F.2d 53 (1952).

The motion to dismiss third-party complaint in each case at this state of the proceeding is certainly premature and will be denied.

