Alvin H. FRANKEL, Administrator of the Estate of Gregory J. Gallagher, Deceased,

v.

BURKE'S EXCAVATING, INC.,

and

Rose Borkowski, Administratrix of the Estate of Charles Borkowski, also known as Charles S. Borkowski, Deceased,

and

Bryn Mawr Trust Co. and Edward Borkowski, Executors of the Estate of Michael Borkowski, also known as Michael S. Borkowski, Deceased.

Alvin H. FRANKEL, Administrator of the Estate of Alan D. Wylie, III, Deceased,

v.

BURKE'S EXCAVATING, INC.,

and

Rose Borkowski, Administratrix of the Estate of Charles Borkowski, also known as Charles S. Borkowski, Deceased,

and

Bryn Mawr Trust Co. and Edward Borkowski, Executors of the Estate of Michael Borkowski, also known as Michael S. Borkowski, Deceased.

Civ. A. Nos. 32830, 32831.

United States District Court
E. D. Pennsylvania.

Nov. 18, 1963.

**946**

Richard C. Bond, Jr., Philadelphia, Pa., for plaintiffs.

Elston C. Cole, Philadelphia, Pa., for Burke's Excavating, Inc.

**WOOD, District Judge.**

Both of the above wrongful death and survival actions seek to recover damages for the resulting deaths of two deceased minors who drowned when they fell through ice which covered a water-filled hole on property of Burke's Excavating, Inc.[1]

This is a motion by original defendant to join the respective parents of the deceased minors in the above actions. Burke seeks this joinder on the basis of the parents' negligence in not keeping their minor decedents under proper observation and control to prevent their wandering about the premises which was fenced and posted with no trespassing signs. It is also alleged that the respective parents knew or should have known of the condition and nature of the alleged danger existing on the premises.

The plaintiffs have argued that the motion should not be granted for the following reasons:

"(a) that the parents of a deceased child may not be joined as third-party defendants in a *wrongful death action* brought by the child's estate, since their contributory negligence would bar recovery against the original defendant;[2] and (b) a third-party complaint may not ask recovery over for *all* sums adjudged against the original defendant without alleging a situation giving rise to

---

1. Rose Borkowski, Administratrix of the Estate of Charles Borkowski, also known as Charles S. Borkowski, Deceased, and Bryn Mawr Trust Co. v. Edward Borkowski, Executors of the Estate of Michael Borkowski, also known as Michael S. Borkowski, Deceased, are the estates of the principal owners of Burke's Excavating, Inc., which formerly was a partnership entity.

2. Under Rule 14 there must exist a substantive right to contribution or indemnity before joinder of an additional defendant is allowed. Kravas v. Great Atlantic & Pacific Tea Co., 28 F.Supp. 66 (W.D.Pa.1939). But impleader may be allowed where there is a question of fact as to whether the parties are joint tortfeasors and thus in pari delicto. 3 Moore's Federal Practice, par. 14.11, p. 428 (2 ed. 1948); Gartner v. Lombard Bros., Inc., 197 F.2d 53 (3 Cir. 1952).

a right of indemnity, absent here." (Emphasis partially supplied)

Federal Rule of Civil Procedure 14(a) provides in part:

"* * * a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The third-party plaintiff need not obtain leave to make the service if he files the third-party complaint not later than 10 days after he serves his original answer. Otherwise he must obtain leave on motion upon notice to all parties to the action. * * *"

The defendant, third-party plaintiff, has attached to its motion a copy of its proposed third-party complaint which substantially follows the approved Form 22-A in most respects. The plaintiff objects to Burke's prayer for relief which "demands judgment by way of contribution against the third-party defendants—for *all* sums that may be adjudged against this defendant Burke's Excavating, Inc., in favor of the plaintiffs."

The plaintiffs contend that *"contribution"* of *"all* sums" really states an indemnity claim while under the facts of this action no legal relation exists between the parents and Burke's which would give rise to an indemnity right. At most, it is argued, Burke's only has a *proportionate* right against the parents based upon a common liability as joint tort-feasors.

■ It seems clear that the thrust of Burke's complaint is directed toward obtaining contribution from the parents of any judgment rendered against the defendant. Pennsylvania law permits contribution among joint tort-feasors and such an impleader is proper. In Keller Crescent Printing and Engraving Co. v. Rosen, 135 F.Supp. 22, 24 (W.D.Pa.1955),

our late colleague, Judge McIlvaine, stated:

"Inasmuch as an impleader is authorized to bring in a third party who would necessarily be liable over to the defendant *for all or any part of the plaintiff's* recovery by way of contribution, 1 Barron and Holtzoff, Federal Practice and Procedure § 426, the third party defendants', Turner and Pittsburgh Forbes', motion to vacate the order and to strike the third party complaint will be denied." (Emphasis supplied)

However, the plaintiffs argue that no right of contribution will exist if the parents, who are sole beneficiaries under the Wrongful Death Act, are found to be contributorily negligent. Their negligence would preclude any recovery and eliminate any right of contribution from anyone. Minkin v. Minkin, 336 Pa. 49, 7 A.2d 461 (1939).

While this is true under the Wrongful Death Act such a result will not occur in the Survival Actions brought by the Administrators for the benefit of the decedents' estates. Fisher v. Dye, 386 Pa. 141, 125 A.2d 472 (1956); also see Burns v. Goldberg, 210 F.2d 646 (3 Cir. 1954). Any negligence on the part of the sole beneficiaries under the Wrongful Death Act will not affect the recovery accruing to the decedents' estates under the Survival Act. Fisher v. Dye, supra.

■ Claims under Pennsylvania Wrongful Death Act and the Pennsylvania Survival Act are separate and distinct actions, *although tried together* they require separate verdicts and judgments. 12 Pa.Stat.Ann. §§ 1601, 1602, 20 Pa.Stat.Ann. §§ 320.601, 320.603; Martin v. Swift, 258 F.2d 797 (3 Cir. 1958).

There exists the possibility of a recovery by the estates in the Survival Actions against Burke's and a common question of fact that the parents may be

948

joint tort-feasors with Burke's in *both* actions, even though Burke's right to contribution would only accrue in the Survival Action.

Therefore, for the above-stated reasons, we grant the original defendant's motion.