Lawton **CHOATE**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant,**

v.

**I. T. T. KELLOGG, a division of I. T. T.**
**Corp.**

**Civ. No. 9971.**

United States District Court
W. D. Oklahoma.

Sept. 18, 1964.

Foliart, Shepherd & McPherren, Oklahoma City, Okl., for plaintiff.

B. Andrew Potter, U. S. Atty., Oklahoma City, Okl., for defendant.

Fenton, Fenton, Smith & McCaleb, Oklahoma City, Okl., for third-party defendant.

DAUGHERTY, District Judge.

This matter is before the Court on the motion of the third party defendant ITT Kellogg to dismiss the third party complaint of the United States on the grounds that it fails to state a claim and that it is barred by the statute of limitations. Both sides have filed their respective briefs and the matter is now ready for disposition.

The principal complaint of the primary plaintiff Choate involves basically an allegation citing negligence on the part of the defendant United States (third party

plaintiff) for failure to have a trench on its easement properly filled. Plaintiff Choate alleges he drove his tractor across said trench which caved in thereby causing certain injuries to plaintiff. The plaintiff alleges the United States had the responsibility for the condition of said trench.

The United States, in turn, filed the instant third party complaint against ITT Kellogg, who was the prime contractor on the project, alleging the third party defendant's responsibility for properly filling said trench. The Government alleges that if it is liable to plaintiff, then it is entitled to full indemnity from the third party defendant for two reasons: (1) breach of contractual duty by ITT Kellogg for failure to perform work according to specifications and in a workmanlike manner, and, (2) alternatively, if plaintiff recovers by reason of any negligence of the Government, it is because of ITT Kellogg's primary negligence, whereas the Government's negligence was secondary.

It is the argument of ITT Kellogg that it and the United States are joint tortfeasors and, therefore, indemnity between them is not proper. Further, since the third-party complaint sounds in tort, i. e., alleging sole liability of ITT Kellogg, the applicable Oklahoma statute of limitations (two years) has run and said cause is barred as to it.

The United States counters contending that the third-party complaint contains an alternative plea, in contract or tort, in the nature of indemnification which is proper under Rule 14(a), F.R.Civ.P. 28 U.S.C.A. Further, that since we are dealing with indemnity, a cause has yet to accrue and therefore the statute of limitations claim is without merit. The United States further points out that Rule 14(a), F.R.C.P., specifically permits the third-party complaint here filed notwithstanding the cause under indemnity may not have yet accrued.

■■ A defendant may bring in a third-party defendant only if the prospective third-party defendant is, or may be, liable to the defendant under substantive law. Rule 14(a), F.R.C.P., 28 U.S.C.A. Also, a third-party complaint should be dismissed only when there is not the slightest possibility that the proof will establish the ultimate liability of the third-party defendant. Silvesky v. Greyhound Corp., D.C., 174 F.Supp. 378, 379.

■ It is the ruling of the Court that said motion be overruled. The United States has alleged "an independent legal relationship, under which the indemnitor owes a duty either in contract or tort to the indemnitee apart from the joint duty they owe to the injured party." Peak Drilling Co. v. Halliburton Oil Well Cement Co., 2 Cir., 215 F.2d 368, 370. This is all that is required to state a claim upon which relief may be granted. Of course, it now must be proven. Further, since the instant third-party complaint alleges an indemnity claim, the Court fails to see any merit in the statute of limitations argument. It does not appear on the face of the complaint to be conclusively a bar and, therefore, it is, at most, an affirmative defense which must be plead and proven. 3 Moore's Federal Practice, § 14.05.

The motion of the third-party defendant, ITT Kellogg, to dismiss the third-party complaint is denied. Said third-party defendant is directed to answer the third-party complaint within 15 days from the date hereof.