## Betterley v. Williams

*Yale B. Bernstein*, for plaintiff.
*John A. Lord*, for defendants.
*David E. Prewitt*, for additional defendants.

HONEYMAN, *J.*, December 7, 1978—On October 16, 1975, plaintiff filed a complaint in trespass alleging that he was injured while riding as a passenger in a car driven by Laszlo Bellowitz which was involved in an accident with a car driven by defendant Gary Williams. On November 14, 1975, defendant Williams filed a complaint joining Bellowitz and the New Jersey corporation by which Bellowitz and plaintiff are employed as additional defendants.

On July 15, 1977, additional defendants filed a motion for summary judgment alleging that plaintiff had recovered compensation from his employer Marban and under New Jersey Workmen's Compensation Law neither the employer nor co-employe are liable for contribution where plaintiff has received such benefits. (Labor and Workmen's Compensation Law, NJSA 34:15-1).

Original defendants, however, contend that Pennsylvania rather than New Jersey law governs this determination and according to Pennsylvania law in effect at the time of the accident, employers are liable for contribution, despite the recovery of

workmen's compensation benefits. Co-employes, however, are immune from liability under Pennsylvania law.

After oral argument before a court en banc consisting of Honeyman and Moss, *JJ.*, the motion for summary judgment was refused by order dated April 25, 1978. Counsel for additional defendants petitioned for reargument. Same was granted and further briefs submitted.

In deciding whether to apply Pennsylvania or New Jersey law to the instant matter, this court must decide which of those two states has the more significant relationship to the occurrence and to the parties: Griffith v. United Air Lines, 416 Pa. 1, 203 A. 2d 796 (1964). In making this determination, we must consider the contacts and weigh them on a qualitative rather than quantitative basis.

Apparently the Pennsylvania appellate courts have not been faced with this conflict of laws question.

Section 173 of the Restatement, 2d, Conflict of Laws, directs that the question whether one tortfeasor has a right to contribution is determined by section 145 which sets forth general principles of conflict of laws.

According to 145(2) of the Restatement 2d, the following contacts are to be taken into account: (a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered. These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Applying the above to the instant case, the accident which gave rise to this cause of action occurred in Pennsylvania and the conduct which caused that injury also occurred in Pennsylvania.

Plaintiff is a New Jersey resident and is employed in New Jersey. Defendant Williams is a Pennsylvania resident, as are his parents, also named as original defendants.

Additional defendant Bellowitz is a New Jersey resident and is employed by a New Jersey corporation. Additional defendant Marban Construction Company is incorporated and does business in New Jersey. Thus, the relationship between plaintiff and additional defendant is centered in New Jersey.

The immunity from suit that additional defendants contend should apply stems from this employer-employe relationship between additional defendant and plaintiff. As a result of that relationship, plaintiff has received workmen's compensation benefits for the accident. Under the statutory scheme of workmen's compensation, an employer is held strictly liable for work-related injuries regardless of whether or not it was at fault. Because of this statutory strict liability, the majority of states absolve employers from any further liability based on common law negligence.

At the time of this accident, however, Pennsylvania did not relieve an employer from liability for contribution if it was a joint tortfeasor. This liability, however, was restricted to the statutory amount of its liability under workmen's compensation. The fact that the law has now been changed is not dispositive of the issue because the law in effect at the time of the alleged negligence which gave rise to

this action governs the case involving the issue of contribution among tortfeasors: Keller Crescent Printing and Engraving Company v. Rosen, 135 F. Supp. 22 (W.D. Pa. 1955).

Thus, the competing state interests at issue in this case are Pennsylvania's policy in favor of contribution between joint tortfeasors and New Jersey's interest in maintaining uniform application and effect of its Workman's Compensation Law.

According to comment (b) to section 145 of the Restatement 2d the factors to be considered in deciding conflict of laws questions vary somewhat in importance depending on the nature of the injury involved.

". . . Thus, the protection of the justified expectations of the parties, which is of extreme importance in such fields as contracts, property, wills and trusts, is of lesser importance in the field of torts. This is because persons who cause injury on non-privileged occasions, particularly when the injury is unintentionally caused, usually act without giving thought to the law that may be applied to determine the legal consequences of this conduct. Such persons have few, if any, justified expectations in the area of choice of law to protect, and as to them the protection of justified expectations can play little or no part in the decision of a choice of law question. Likewise, the values of certainty, predictability and uniformity of result are of lesser importance in torts than in areas where the parties and their lawyers are likely to give thought to the problem of the applicable law in planning their transactions. Finally, a number of policies, such as the deterrence of tortious conduct and the provision of

compensation for the injured victim, underlie the tort field. These policies are likely to point in different directions in situations where the important elements of an occurrence are divided among two or more states."

Therefore, the expectations of the New Jersey employer in providing workmen's compensation, as well as the interest of New Jersey in obtaining a uniform application of its law, is to be accorded less significance in this particular action than the interest of Pennsylvania in regulating tortious conduct within the Commonwealth.

Furthermore, according to comment (c) to section 184 of the Restatement 2d: "A person who is declared immune from liability for tort or wrongful death to an injured employee or his dependents by an applicable workmen's compensation statute may nevertheless be liable for contribution or indemnity to a third person against whom a judgment in tort or wrongful death has been obtained on account of the injury."

Thus, additional defendants' motion for summary judgment was properly refused.