**Kevin TRUDEAU; et al., Plaintiffs—Appellants,**

v.

**DIRECT MARKETING CONCEPTS, INC.; et al., Defendants—Appellees.**

Nos. 02–56195, 03–55145.
D.C. Nos. CV–02–02707–R,
CV–02–02707–MLR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2003.

Decided Dec. 22, 2003.

David J. Bradford, Daniel J. Hurtado, Jenner & Block, Chicago, IL, Don T. Hibner, Jr., Sheppard, Mullin, Richter & Hampton LLP, Los Angeles, CA, Harvey I. Saferstein, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., Santa Monica, CA, Ronald T. Nagle, Morristown, NJ, for Plaintiffs–Appellants.

David Schrader, Brobeck, Phleger & Harrison LLP, Los Angeles, CA, James P. Baker, Brobeck, Phleger & Harrison, San Francisco, CA, Lynn A. Ellenberger, Shefsky & Froelich Ltd., Chicago, IL, for Defendant–Appellee.

Before B. FLETCHER, FARRIS, and WARDLAW, Circuit Judges.

## MEMORANDUM *

In this consolidated appeal, Kevin Trudeau and Robert R. Barefoot appeal from the district court's June 4, 2002 Order dismissing their claims against Direct Marketing Concepts, Inc. and Donald Barrett, Jr. (together, "DMC") for misappropriation of name and likeness and false advertising under the Lanham Act, 15 U.S.C. § 1125(a), California Civil Code § 3344, and California common law, and awarding costs to DMC in the amount of $26,904.71, pursuant to Rule 41(d) of the Federal Rules of Civil Procedure. Trudeau also appeals from the district court's

June 24, 2002 Order denying him leave to amend as a matter of course, and its December 20, 2002 Order granting a stay of arbitration and retroactively dismissing his state law claims. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we: (1) reverse the district court's dismissal of Trudeau and Barefoot's complaint under Fed.R.Civ.P. 12(b)(1) and (b)(6); (2) vacate the district court's stay of arbitration; (3) reverse the district court's June 24, 2002 Order denying Trudeau leave to amend his complaint as a matter of course; and (4) vacate the district court's award of costs.

■ The district court's June 4, 2002 Order provides no explanation for its dismissal of Barefoot and Trudeau's complaint under Rule 12(b)(1) and (b)(6). *See Bonanno v. Thomas,* 309 F.2d 320, 322 (9th Cir.1962) ("Where a complaint is dismissed on the ground that it fails to state a claim, the order should also inform the plaintiff of the reason for dismissal so that he can make an intelligent choice as to amending."). Moreover, we can discern no basis for the complaint's dismissal under either rule. Trudeau and Barefoot's claims satisfy Rule 12(b)(1), as they are neither frivolous nor made solely for the purpose of obtaining jurisdiction. *See Sun Valley Gasoline, Inc. v. Ernst Enters., Inc.,* 711 F.2d 138, 140 (9th Cir.1983) (stating that a federal court may dismiss a federal question claim for lack of subject matter jurisdiction only if the claim "appears to be immaterial and made solely for the purpose of obtaining jurisdiction," or "such a claim is wholly insubstantial and frivolous"). Further, taking the material allegations in the complaint as true and construing them in the light most favorable to Barefoot and Trudeau, *Maktab Tarighe Oveyssi Shah Maghsoudi, Inc. v.*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Kianfar,* 179 F.3d 1244, 1246 (9th Cir. 1999), the complaint states a legally sufficient claim. Accordingly, we reverse both the district court's June 4, 2002 Order dismissing Barefoot and Trudeau's complaint under Rules 12(b)(1) and (b)(6), and its December 20, 2002 Order dismissing Trudeau's state law claims,· and we vacate the district court's stay of arbitration.

 The district court also erred in denying Trudeau leave to amend his complaint as a matter of course. Under Fed. R.Civ.P. 15(a), "a party may, as a matter of right, amend its complaint once before the filing of a 'responsive pleading' or the entry of final judgment following dismissal of its action." *Worldwide Church of God, Inc. v. California,* 623 F.2d 613, 616 (9th Cir.1980). Because Trudeau filed his application to amend before DMC filed a responsive pleading and prior to the entry of final judgment, we reverse the district court's June 24, 2002 Order and instruct the court to grant Trudeau leave to amend his complaint.

■ We also vacate the district court's award of costs in the amount of $26,904.71 against Barefoot and Trudeau under Rule 41(d). The district court offered no reason for this award and our review of the record reveals no basis for it.

■ Finally, we instruct the Chief Judge of the Central District of California to reassign this case to a different district judge on remand. While nothing in the record suggests that the district judge exhibited a personal bias that would require recusal, *United Nat'l Ins. Co. v. R & D Latex Corp.,* 242 F.3d 1102, 1118 (9th Cir. 2001), reassignment is warranted because the judge may "have substantial difficulty in putting out of his ... mind previously expressed views or findings determined to be erroneous," making "reassignment ... advisable to preserve the appearance of

justice." *Id.* Given the preliminary nature of the proceedings, the minimal potential for waste or duplication of judicial resources is outweighed by the need to proceed in a manner that preserves the appearance of fairness. *See id.* at 1119. Therefore, on remand, this case shall be reassigned to a different district judge within the Central District of California.

REVERSED and REMANDED in part, VACATED in part with instructions to reassign the case to a different district court judge and to grant appellant leave to amend the complaint.